[No. 7387. Decided June 29, 1908.]

A. E. SUTTON & COMPANY, *Respondents*, v. COAST TRADING COMPANY, *Appellant*.[1]

PARTNERSHIP—CONTRACTS—VALIDITY — AUTHORITY TO CONTRACT—FILING CERTIFICATE—STATUTES—VIOLATION—EFFECT. The contracts of a partnership are not invalidated by reason of its failure to file with the county clerk a certificate showing the names of the partners, as required by Laws 1907, p. 288; since the statute does not so provide and contains nothing from which such effect can be inferred, under the strict construction requiring a law in derogation of a common law right to clearly show the intent.

SAME—ACTIONS—RIGHT TO MAINTAIN. Laws 1907, p. 290, § 5, providing that no action shall be maintained by a copartnership without

[1]Reported in 96 Pac. 428.

alleging and proving the filing of a certificate with the county clerk as required by § 1 to entitle it to do business, is complied with by filing the certificate before suit brought upon a contract; since the contract is not void for failure to make a previous filing.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered February 7, 1908, upon the verdict of a jury rendered in favor of the plaintiffs, in an action on contract. Affirmed.

*Charles Bedford*, for appellant, contended, among other things, that, where the statute prohibits the doing of an act, whether a penalty is provided or not, if the language is plain as to prohibition, any attempted contract or business thereunder in violation thereof is void, unless there is a distinct provision therein to the contrary. Mechem, Sales, § 1044 *et seq.*; *Johnson v. Berry* (S. D.), 104 N. W. 1114; *Miller v. Ammon*, 145 U. S. 421, 12 Sup. Ct. 884, 36 L. Ed. 759; *Short v. Bullion-Beck & Champion Min. Co.*, 20 Utah 20, 57 Pac. 720, 45 L. R. A. 603; *Woods v. Armstrong*, 54 Ala. 150, 25 Am. Rep. 671, note; *Sandage v. Studabaker Bros. Mfg. Co.*, 142 Ind. 148, 51 Am. St. 165, 34 L. R. A. 363; *Berka v. Woodward*, 125 Cal. 119, 57 Pac. 777, 73 Am. St. 31, 45 L. R. A. 420; *Swords v. Owen*, 43 How. Pr. (N. Y.) 176; *Levison v. Boas*, 150 Cal. 185, 88 Pac. 825, 12 L. R. A. (N. S.) 575; *Harris v. Runnels*, 12 How. 80, 13 L. Ed. 38; *Edison General Elec. Co. v. Canadian Pac. Nav. Co.*, 8 Wash. 370, 36 Pac. 260, 40 Am. St. 910, 24 L. R. A. 315; Mechem, Sales, § 1046, and cases cited in note 1; *Patterson v. Byers*, 17 Okl. 633, 89 Pac. 1114; *Cobble v. Farmers' Bank*, 63 Ohio St. 528, 59 N. E. 221; *Cincinnati Mutual Health Assur. Co. v. Rosenthal*, 55 Ill. 85, 8 Am. Rep. 626; *Buckley v. Humason*, 50 Minn. 195, 52 N. W. 385, 36 Am. St. 637, 16 L. R. A. 423, and note; *Thomas Mfg. Co. v. Knapp*, 101 Minn. 432, 112 N. W. 989; *Pittsburgh Construction Co. v. West Side Belt R. Co.*, 154 Fed. 929, 11 L. R. A. 1145; *Lasher v. Stimson*, 145 Pa. St. 30, 23 Atl. 552.

*T. L. Stiles*, for respondents, cited: 23 Am. & Eng. Ency. Law, p. 386; *Dearborn Foundry Co. v. Augustine*, 5 Wash. 67, 31 Pac. 327; *Huttig Bros. Mfg. Co. v. Denny Hotel Co.*, 6 Wash. 122, 32 Pac. 1073; *Edison. General Elec. Co. v. Canadian Pac. Nav. Co.*, 8 Wash. 370, 36 Pac. 260, 40 Am. St. 910, 24 L. R. A. 315; *La France Fire Eng. Co. v. Mt. Vernon,* 9 Wash. 142, 37 Pac. 287, 38 Pac. 80, 43 Am. St. 827; *Whitney Arms Co. v. Barlow*, 63 N. Y. 62, 20 Am. Rep. 504; *Wood v. Erie R. Co.*, 72 N. Y. 196, 28 Am. Rep. 125; *Zimmerman v. Erhard*, 83 N. Y. 74, 38 Am. Rep. 396; *Wolfe v. Joubert*, 45 La. Ann. 1100, 13 South. 806; *Byers v. Bourret*, 64 Cal. 73, 28 Pac. 61; *Sweeney v. Stanford*, 67 Cal. 635, 8 Pac. 444; *Rossman v. McFarland*, 9 Ohio St. 369; *Patterson v. Byers*, 17 Okl. 633, 89 Pac. 1114.

HADLEY, C. J.—This is an action to recover damages resulting from an alleged breach of contract to deliver two hundred and fifty tons of oats, the damages being fixed in the complaint at $1,750. The plaintiffs brought the suit as "A. E. Sutton and R. S. Tracy, copartners, under the firm name of A. E. Sutton & Co.," and they allege that the agreement of the defendant to deliver the oats was made with the said copartnership on the 5th day of August, 1907. The answer alleges that the firm name set out in the complaint does not contain the names of all the persons interested therein, and that, when the matters set forth in the complaint occurred, the plaintiffs were not authorized to do business in the state of Washington, for the reason that they had neglected to file in the office of the clerk of the county a certificate showing the true names of all the partners, as provided by statute; that no certificate was filed prior to the 11th day of October, 1907; and that, by reason of the failure to file such certificate prior to the making of the agreement, the contract became invalid and the courts have not jurisdiction to enforce it. This defense was overruled by the court, and after a trial by jury, a verdict was returned for the plaintiffs in the sum of

$1,000. Judgment was entered for that sum, and the defendant has appealed.

The only point raised on the appeal is that the court erred in holding that it had jurisdiction to enforce the contract. It is contended that respondents had not complied with the statute as found in the Laws of 1907, pages 288-90, and that the contract was therefore void. For convenience of reference, we here set forth in full §§ 1, 2, and 5 of the act of 1907:

"Section 1.    That no person or persons shall hereafter carry on, conduct or transact business in this state under any assumed name or under any designation, name or style, corporate or otherwise, other than the true and real name or names of the person or persons conducting such business or having an interest therein, unless such person, or all of such persons, conducting said business, or having an interest therein, shall file a certificate in the office of the county clerk of the county or counties in which said business is to be conducted, which certificate shall set forth the designation, name or style under which said business is to be conducted, and the true and real name or names of the party or parties conducting, or intending to conduct, the same, or having an interest therein, together with the postoffice address or addresses of said person or persons.    Such certificate shall be executed and acknowledged by the party or parties conducting, or intending to conduct, said business, or having an interest therein, before an officer authorized to take acknowledgment of deeds."

"Sec. 2.    Any person or persons now conducting any business under such assumed name, or under any designation, name or style other than the true and real name or names of all of the parties having an interest therein, shall file a certificate as provided for in section one hereof within thirty days after this act shall take effect, and persons hereafter conducting, or intending to conduct, any business, as set forth in section one above, shall, before commencing business, file such certificate in the manner hereinbefore prescribed."

"Sec. 5.    No person or persons carrying on, conducting or transacting business as aforesaid, or having an interest

therein, shall hereafter be entitled to maintain any suit in any of the courts of this state without alleging and proving that such person or persons have filed a certificate as provided for in section one hereof, and failure to file such certificate shall be *prima facie* evidence of fraud in securing credit."

Appellant contends that the effect of the statute is to make unlawful any contract entered into by a partnership designated by other than the real names of the persons interested therein, if said contract is made before filing the certificate mentioned in § 1. It will be observed that the section does not in terms declare that such contracts shall be unlawful or void. The title of the act is as follows:

"An act providing that when any business, other than a corporation or a limited partnership, is conducted under an assumed name, a certificate showing the real parties in interest shall be filed with the county clerk, and fixing a penalty."

It will be seen that when the title was drawn it was the evident intention to provide a penalty for violating the terms of the act, but no penal provision is found in the body thereof. Section 5 prevents the maintenance of a suit by such a partnership without the allegation and proof that a certificate has been filed, as provided by § 1. The trial court held that the filing of the certificate before the beginning of the suit, as was done in this case, was a compliance with § 5, and entitled respondents to maintain the suit. Section 5 says the certificate shall be filed as provided for in § 1. Reference to § 1 shows only the substance of what the certificate shall contain. No time limit is mentioned in that section for the filing of the certificate. It is true, § 2 does provide that partnerships existing when the law took effect should file certificates within thirty days thereafter, and that others should file before commencing business; but no reference is made to the terms of that section in § 5. Ordinarily statutes of this character provide for a penalty, or in express terms declare that a violation of them shall render contracts unlawful and

void. This statute does neither. The courts endeavor to discover the real intent of the legislature, but inasmuch as such statutes affect the common law right to contract, a strict construction is applied and implications against the common law privilege to contract are not favored. The gist of the statute before us is that certain partnerships shall file certificates with the clerk of the county, and we are to determine what effect the failure to do so has upon contracts actually made. Appellant's argument proceeds upon the theory that the filing of a certificate is an act conferring the power to make a contract, but we think it is rather a regulation of the exercise of the power to contract already existing under the common law. This state recognizes the right of foreign corporations to do business here upon compliance with certain conditions required by statute in the way of filing a certified copy of the charter and the appointment of an agent; but it has been repeatedly held that the failure to comply does not render contracts void when actually made, in the absence of positive legislative declaration to that effect. In *Dearborn Foundry Co. v. Augustine*, 5 Wash. 67, 31 Pac. 327, this court said:

"Our statutes recognize the right of foreign corporations to do business here, and while it is stated that they are so authorized by a compliance with the conditions prescribed in the statutes relating to the filing of a certified copy of the charter and the appointment of an agent, it is nowhere declared that contracts entered into by such corporations in case the statutes have not been complied with are void, and it is provided that any agent of any foreign corporation conducting or carrying on business within the limits of this state for and in the name of such corporation contrary to any of the provisions of the statutes shall be deemed guilty of a misdemeanor, and shall upon conviction be punished therefor by a fine or imprisonment, or both. See Gen. Stat., §§ 1524-31. The purpose of these statutes requiring foreign corporations to file certified copies of their charters, and constitute and appoint an agent who shall reside in the state at the principal place of business of the corporation, is to protect parties

dealing with them from being imposed upon, and to provide means of obtaining service upon them in the courts of the state. And they were not enacted for the purpose of rendering the contracts of such corporations which have not complied with the statutes void, and this result should not follow unless the legislature has expressly declared that such contracts shall be unlawful."

See, also, *Huttig Bros. Mfg. Co. v. Denny Hotel Co:,* 6 Wash. 122, 32 Pac. 1073; *Edison General Elec. Co. v. Canadian Pac. Nav. Co.,* 8 Wash. 370, 36 Pac. 260, 40 Am. St. 910, 24 L. R. A. 315; *La France Fire Engine Co. v. Mt. Vernon,* 9 Wash. 142, 37 Pac. 287, 38 Pac. 80, 43 Am. St. 827.

The right of foreign corporations to do business in this state is by the grace of the state, and not by a common law right, as in the case of partnerships. If, therefore, the contracts of such corporations are not invalidated by mere failure to comply with the state statute, for a stronger reason it would seem that the contracts of partnerships should not be held to be unlawful for failure to file a certificate under the statute in question, unless the legislative intent to make them void were clear and positive. Discussing the general construction of statutes of this character in *Harris v. Runnels,* 12 How. 79, 13 L. Ed. 38, the supreme court of the United States observed as follows:

"Such we believe to be now the rule in England, but with many exceptions, made upon distinctions very difficult to be understood consistently with the rule; so much so, that we have concluded, before the rule can be applied in any case of a statute prohibiting or enjoining things to be done, with a prohibition and a penalty, or a penalty only for doing a thing which it forbids, that the statute must be examined as a whole, to find out whether or not the makers of it meant that a contract in contravention of it should be void, or that it was not to be so. In other words, whatever may be the structure of the statute in respect to prohibition and penalty, or penalty alone, that it is not to be taken for granted that the legislature meant that contracts in contravention of it

were to be void, in the sense that they were not to be enforced in a court of justice. In this way the principle of the rule is admitted, without at all lessening its force, though its absolute and unconditional application to every case is denied. It is true that a statute, containing a prohibition and a penalty, makes the act which it punishes *unlawful*, and the same may be implied from a penalty without a prohibition; but it does not follow that the unlawfulness of the act was meant by the legislature to avoid a contract made in contravention of it when the statute is silent, and contains nothing from which the contrary can be properly inferred, a contract in contravention of it is void."

Applying the above argument to the statute in question, we think it cannot be said that the legislative intent to make contracts in contravention of the statute void is clear. It may have been the intention to make the mere act of violation an unlawful one, the penalty therefor having been inadvertently overlooked; but it certainly is not clear that the contracts themselves made in contravention of the statute are void and unenforceable. The argument in the last cited case closes as follows: "When the statute is silent, and contains nothing from which the contrary can be properly inferred, a contract in contravention of it is void." This statute is not silent as to the effect of noncompliance, but it contains a provision in § 5 for barring actions upon the contracts until certificates are filed. Such is the only clearly defined result to follow from a violation of the act. We therefore believe with the trial court that, under the peculiar terms of this statute, the filing of the certificate before making the contract was not necessary to give validity to the contract, and that the filing before bringing the suit entitled respondents to maintain the action. Such was the holding in California under a similar statute. *Sweeney v. Stanford*, 67 Cal. 635, 8 Pac. 444; *Byers v. Bourret*, 64 Cal. 73, 28 Pac. 61.

The judgment is therefore affirmed.

FULLERTON, RUDKIN, MOUNT, and ROOT, JJ., concur.

DUNBAR and CROW, JJ., took no part.