[No. 9360.  *En Banc.*  May 16, 1912.]

NORTH STAR TRADING COMPANY, *Plaintiff and Appellant,* v. ALASKA-YUKON-PACIFIC EXPOSITION, *Defendant and Appellant.*[1]

CORPORATIONS—ACTIONS BY—CAPACITY TO SUE — CONDITIONS PRECEDENT—PAYMENT OF LICENSE FEE—EFFECT OF COUNTERCLAIM.  In an action between corporations, in which the plaintiff failed to plead payment of its annual license fee, required by Rem. & Bal. Code, § 3714, as a condition precedent to the prosecution of any action, and the defendant, although attacking plaintiff's capacity to sue, set up a counterclaim, the plaintiff is entitled to oppose defendant's action to the extent of resisting the counterclaim, although it had no capacity to sue (overruling Id., 63 Wash. 376).

SAME—WAIVER OF OBJECTION.  Objection to the capacity of a defendant corporation to set up a counterclaim by reason of its failure to allege the payment of its annual license fee is waived if not raised by demurrer or answer (overruling Id., 63 Wash. 376).

DAMAGES—BREACH OF CONTRACT—REMOTE AND SPECULATIVE DAMAGES.  The holder of a concession on exhibition grounds cannot recover remote and speculative damages for supposed loss of profits, by reason of the widening of a street which decreased his space, where the evidence tends to show that it benefited more than it injured him.

FULLERTON, J., dissents.

Cross-appeals from a judgment of the superior court for King county, Robert H. Lindsay, Esq., judge *pro tempore,* entered September 2, 1910, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, in an action on contract.  Affirmed.

*George Olson* (*Edward Judd,* of counsel), for plaintiff.

*Roberts, Battle, Hulbert & Tennant,* for defendant.

ON REHEARING.

CROW, J.—On June 1, 1911, an opinion was filed in this action (63 Wash. 376, 115 Pac. 855) in which we ordered a dismissal of the complaint and cross-complaint, for the rea-

[1]Reported in 123 Pac. 605.

son that neither the plaintiff corporation, nor the defendant corporation, had shown payment of the annual license fee last due. On petition, a rehearing was granted, the cause has been reargued, and is now before us for further consideration. As both parties appealed, we will refer to them as plaintiff and defendant.

We have concluded that the order of dismissal heretofore directed cannot be sustained. The action was commenced by North Star Trading Company, a corporation, against Alaska-Yukon-Pacific Exposition, a corporation, to recover damages arising from the breach of a contract of lease. Plaintiff alleged, "that the North Star Trading Company at all times herein mentioned has been and now is a corporation, organized and existing under and by virtue of the laws of the state of Washington, with its license fee last past due paid." This allegation was denied by the answer. Plaintiff further alleged that the Alaska-Yukon-Pacific Exposition was and now is a corporation. This allegation was not denied, and therefore stands admitted. No affirmative allegation appears in the answer relative to payment of defendant's license fee. Plaintiff demanded damages in the sum of $35,000. Defendant denied that any damages had been sustained, and by cross-complaint demanded an affirmative judgment against plaintiff, for $1,631.23 percentages or rentals due and unpaid. Plaintiff at no time, by demurrer, answer, or reply, questioned defendant's capacity to sue, or its right to commence or maintain the cross-action for percentages pleaded in its cross-complaint. On trial, plaintiff failed to introduce any evidence showing payment of its license fee last due, and defendant declined to admit payment or waive proof thereof. In our former opinion we said:

"On the appeal the plaintiff inserted within the statement of facts, presented to the trial judge for settlement, certified copies from the office of the secretary of state of its articles of incorporation, and three certain receipts for licenses showing that its annual license fees had then been paid down to June 30, 1910. The receipts, however, further show that the

defendant was in default as to its license fees at the time it commenced its action. The trial judge refused to certify these exhibits as part of the statement of facts, but certified, on the contrary, that they formed no part of the evidence introduced at the trial in the court below. . . . It needs no argument, of course, to show that an appellant cannot try his case in the court of appeals on a different state of facts from that presented to the court below, even when the trial is *de novo* in the appellate court, and this is what we would be allowing the appellant to do if we considered these exhibits as evidence."

In the statement that the receipts show that the *defendant* was in default as to its license fee at the time it commenced its action, the word "defendant" was inadvertently used for the word "plaintiff." The plaintiff was thus in default, and no receipts are before us for license fees paid by defendant. Section 3714, Rem. & Bal. Code, requires the payment of annual license fees by corporations, and § 3715 provides that no corporation shall be permitted to commence or maintain any suit, action or proceeding in any court of this state without alleging and proving that it has paid its annual license last due. In *Rothchild Bros. v. Mahoney*, 51 Wash. 633, 99 Pac. 1031, commenting on this statute, we said:

"As failure to pay the license fee last due would, under the statute, only affect appellant's capacity to sue, the respondent, by failing to object either by demurrer or answer to such want of capacity, waived his right to do so. Under the issues thus raised by the pleadings, he could not thereafter insist that proof of payment of the license fee by appellant should be made."

As to the plaintiff, it will be observed, that the question of its capacity to sue was raised by the denial of the answer; that no proof of payment of its license fee was made; and that, for the purpose of obtaining an affirmative judgment, it was not entitled to commence or maintain this action. The record, however, shows that, while the defendant by answer questions plaintiff's capacity to commence and maintain this

action, it also by cross-complaint seeks an affirmative judgment for percentages due.  To this cross-complaint, the plaintiff stands in the attitude of a defendant, and we cannot hold that it must be turned out of court for want of capacity to sue, thus depriving it of the right to interpose any valid defense it may have to the cross-complaint.  Although the statute prohibits a defaulting corporation from commencing or maintaining an action, it does not prohibit it from defending an action against it, to the extent at least of any affirmative claim prosecuted by its adversary.  If a corporation could not be sued because of nonpayment of its license, it might avoid payment of its just obligations and defraud its creditors by refusing to pay the license.  On the other hand, if it could not defend an action, it might be subjected to unauthorized and unjust judgments.  A corporation, even though in default for its license fee, should be permitted to defend an action against it to the extent of the demand made by its adversary, although it should not be permitted to obtain an affirmative judgment other than an order of dismissal.  In this action, plaintiff comes into court without previous payment of its license fee, while the defendant, although attacking plaintiff's capacity to sue, asks an affirmative judgment against it by cross-complaint.  This being true, plaintiff may by denial, set-off, counterclaim or otherwise, oppose defendant's action, but only to the extent of resisting the cross-complaint.  To permit the plaintiff to obtain an affirmative judgment for any excess in its favor would authorize it to commence and maintain an action in violation of the statute.

As to the attitude of the defendant, we have already observed that it did not plead payment of its license fee, and that its capacity to commence and maintain its cross-action was not questioned by demurrer, answer or reply.  This constituted a waiver, and the defendant is, therefore, entitled to prosecute its claim by cross-complaint, for had the question been raised, it must be presumed that the defendant would

have amended its answer, and would have produced evidence to show that its license in fact had been paid. Our conclusion, therefore, is that the plaintiff can remain in court for the sole purpose of defending the claim pleaded by the cross-complaint; and that, no question having been raised as to defendant's capacity to sue, it is entitled to prosecute the cause of action pleaded in its cross-complaint.

The final decree recites findings of the trial judge as follows:

"The court having fully heard all the evidence and the arguments of counsel and being fully advised in the premises, doth find against the plaintiff upon all items of damages except that for the ten feet alleged to have been taken, for which the court finds and allows that plaintiff is entitled to have and recover damages in the sum of $750, with interest amounting to $33.75, or a total of $783.75. The court finds that the defendant is entitled to recover from the plaintiff on its affirmative answer the sum of $1,631.23, with interest amounting to $73.35, or a total sum of $1,704.58, and that the plaintiff is entitled to have offset as against the judgment of defendant against the plaintiff in the said sum of $1,704.58, the amount found due to it for damages in the sum of $783.75, and that the the defendant is entitled to recover a judgment between the said sums, to wit: in the sum of $920.83."

Upon these findings, judgment was entered in defendant's favor for $920.83, interest and costs. The question as to what damages, if any, the plaintiff may have sustained by reason of the defendant's alleged breach of the contract is an issue of fact. The defendant made a concession or lease of certain ground to the plaintiff, to be used for an exhibit known as the Eskimo Village, and for other purposes. When plaintiff was about to erect its buildings and install its exhibits, it could not obtain possession of thirty feet of the easterly portion of the concession or ten feet of the westerly portion thereof. The easterly thirty feet had been used by defendant for widening a street known as the Pay Streak, and for changing its direction and location. By such

change, Pay Streak abutted upon plaintiff's reservation to the north and east, instead of the north only, as contemplated when the lease was executed. Appellant claimed large damages resulting to it in loss of profits and decreased space by reason of the change thus made. On the other hand, the defendant contended that the change was a financial benefit to the plaintiff. We will not discuss the evidence on this point, but will state our conclusions: (1) That, with the exception of the item allowed by the trial court, plaintiff's claims for damages were too remote and speculative to become the basis of an award; and (2) that the evidence, in so far as it tends to show any effect upon plaintiff's interests, indicates that plaintiff was benefited by the change in the direction of Pay Streak more than it could have been or was injured by losing the thirty feet from the east side of its reservation. The evidence does show that ten feet from the west side of the reservation was conceded by the defendant to another concessioner who occupied it to the exclusion of the plaintiff. The only injury the plaintiff suffered was in being deprived of an opportunity to construct and rent a booth at the north end of the ten-foot strip fronting on Pay Streak from which plaintiff could have realized a profit of about $750. This was undoubtedly the damage the trial court properly allowed as a partial set-off against defendant's claim. There was some evidence offered by the plaintiff as to damages which it claims it sustained because it was also deprived of space for booths on the east side of its reservation. We find this evidence insufficient to sustain its claim. It was shown that the topography of the ground unfitted it for such use, except at the extreme northerly end thereof, which space the plaintiff used for its own purposes.

The judgment is affirmed.

DUNBAR, C. J., MOUNT, PARKER, ELLIS, and MORRIS, JJ., concur.

FULLERTON, J., dissents.