[No. 14939.   Department One.   December 28, 1918.]

G. E. PETERSON *et al., Respondents,* v. J. C. C. MORRIS *et al., Appellants.*[1]

PARTNERSHIP (55)—ACTIONS—CAPACITY TO SUE—CERTIFICATE OF ASSUMED NAME—RAISING ISSUE—STATUTES. Where, upon demurrer to a complaint by a copartnership which failed to allege the filing of a certificate of assumed name in the county where it did or intended to do business, an amended complaint was filed alleging the filing of. the certificate in K. county and issue was joined by general denial, the capacity of the plaintiff to sue was sufficiently raised; and under Rem. Code, §§ 8369-8373, requiring plaintiff to allege and prove capacity, there was a complete failure of proof, where it appeared that plaintiff was organized to do business in P. county, and had no business and had never done any in K. county.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered January 10, 1918, upon findings in favor of the plaintiffs, in an action for damages and for money received, tried to the court. Reversed.

*Weter & Roberts,* for appellants.

*James H. Kane, E. N. Eisenhower,* and *Bates & Peterson,* for respondents.

CHADWICK, J.—Respondents brought this action to recover damages and for money had and received.

[1]Reported in 177 Pac. 320.

Respondents are partners doing business at Tacoma, in Pierce county, under the name and style of the Moon Motor Sales Company.

It was alleged in the complaint that "at all times herein mentioned, G. E. Peterson and John J. Malim were doing business under the firm name and style of Moon Motor Sales Company, and were the sole owners of the business."

Appellants demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action. So far as the record goes, it seems that both sides assumed that the demurrer raised the question of the capacity of the plaintiffs to maintain the action under the provisions of our statute, which provides that all persons doing business as a partnership under an assumed name shall file a certificate, setting forth the real names of the parties interested in the partnership, in the county in which they are conducting, or intending to conduct, their business, and that no person or persons carrying on, or conducting, or transacting, business as a partnership under an assumed name shall be entitled to maintain any suit in any of the courts of this state without alleging and proving that such person or persons have filed the necessary certificate. Rem. Code, §§ 8369-8373.

Respondents thereupon took leave to amend their complaint by adding the words "and have heretofore filed with the county clerk of King county their business certificate showing their ownership of such business."

Appellants made answer as follows:

"In answer to paragraph 1, defendants deny each and every allegation therein contained, except only as to any allegations therein which may be admitted

in the affirmative answer to plaintiffs' first cause of action."

This being the state of the pleadings, appellants contended at the trial that the respondents were not entitled to maintain the action, it having developed that the partnership was organized to do business in Pierce county and that it had no business, and had never done any business, in King county. The trial judge overruled the motion of appellants to dismiss, upon the theory, as we may assume from respondent's brief, that the objection had not been taken by demurrer or answer. The complaint, as amended, was not demurrable. It was in form sufficient to stand as against either a general demurrer or a demurrer on the ground that plaintiff had no legal capacity to sue.

The further theory is advanced that the denial is in form no more than a general denial, and the matter relied upon, being in bar or abatement of the action, cannot be urged under that form of denial. We have held, under the statute cited above, and the statute providing for the filing of a certificate by a corporation plaintiff that its annual dues had been paid, that the objection will be waived if it is not raised by demurrer or by answer. *Rothchild Bros. v. Mahoney,* 51 Wash. 633, 99 Pac. 1031; *Pierson v. Northern Pac. R. Co.,* 61 Wash. 450, 112 Pac. 509; *Hale v. City Cab, Carriage & Transfer Co.,* 66 Wash. 459, 119 Pac. 837; *North Star Trading Co. v. Alaska-Yukon-Pacific Exposition,* 68 Wash. 457, 123 Pac. 605; *Boston Tow Boat Co. v. Sesnon Co.,* 64 Wash. 375, 116 Pac. 1083.

But it seems to us that this case presents more than a question of pleading. Under the statute it is provided that no partnership doing business under an assumed name shall maintain an action without alleging *and proving* that it has complied with the law. Hav-

ing tendered the issue, it was incumbent upon the plaintiff to sustain all of the material facts upon which it relied for a recovery. The proof entirely failed. It was suggested at the trial that a certificate had been filed in King county, but it was not offered in evidence, nor would it have availed respondent anything if it had been so offered. The court has heretofore committed itself to the form of pleading employed in the answer.

It was held in *Denver v. Spokane Falls,* 7 Wash. 226, 34 Pac. 926, that the legal capacity of a plaintiff might be raised under this form of a denial, and under a like denial the plaintiff was put to its proof as to every allegation material to its cause of action.

The court says:

"If, therefore, it was material for the plaintiffs, in order to state a cause of action entitling the town of Denver to the relief sought, or to any relief whatever (and we think it was), to allege the corporate existence of said town, we are of the opinion that the denials in the answer were sufficient to controvert that fact, and to require proof thereof."

If this be so, and we are not disposed to question it at this late day, it follows that there was in this case a complete failure of proof.

In *North Star Trading Co. v. Alaska-Yukon-Pacific Exposition, supra,* the question of the capacity of the plaintiff to sue came up at the trial under a denial of the allegation that the plaintiff corporation had paid its license tax. No proof was offered showing payment, and the defendant having declined to admit payment or waive the proof thereof, the court held that the action could not be maintained.

In *Thompson-Spencer Co. v. Thompson,* 61 Wash. 547, 112 Pac. 655, the thought is dominant that the

capacity of the plaintiff rested in the statute, rather than in some rule of practice, and might have been taken advantage of under a motion to dismiss at the trial, if the defendant had employed a specific objection upon that ground rather than a general objection that the evidence introduced did not show a right of recovery; indicating that, in the absence of a demurrer or answer (the issue in that case having been framed before the law was enacted), the objection should have been so taken that the omission might have been supplied by proof on the trial.

Being convinced that the issue is fairly drawn by the pleadings, and that the capacity of the respondent to sue is as much a matter of proof as of pleading, we hold that the action cannot be maintained.

The appellants having set up an affirmative defense, and the court having found counterclaims in favor of respondents that overcome the findings in favor of appellants, the appellants will take nothing. *North Star Trading Co. v. Alaska-Yukon-Pacific Exposition, supra.*

Reversed, and remanded with instructions to dismiss.

MAIN, C. J., TOLMAN, MITCHELL, and MACKINTOSH, JJ., concur.