[No. 14890.    Department Two.    January 6, 1919.]

J. A. McGILLIVRAY, *as Bremerton Iron Works,* *Respondent,* v. COLUMBIA SALMON COMPANY, *Appellant,* H. LOVELAND, *Defendant.*[1]

PARTNERSHIP (55)—ACTIONS—CAPACITY TO SUE—ASSUMED NAMES —STATUTES. Rem. Code, §§ 8369-8373, providing for the filing of certificates by persons doing business under an assumed name, and forbidding the maintenance of an action without alleging and proving such filing, is sufficiently complied with by pleading and proving the filing before commencement of the trial.

SAME (20)—FIRM NAME—RIGHT TO USE—STATUTES. The filing of a certificate of an assumed name is not required of one doing business in the name of a company containing his full name as proprietor, he being the only person interested therein, in view of Rem. Code, § 8372, providing that nothing in the act shall prevent the lawful use of a partnership designation if the same includes the real names of all the parties interested.

ASSIGNMENTS (29)—ACTIONS—BY ASSIGNEE. An assignment in writing for the purposes of collection authorizes a recovery in the

[1]Reported in 177 Pac. 660.

name. of the assignee that would bar any further recovery against the debtors.

Guaranty (9)—Construction of Contract—Extent of Liability. Where parties for whom boats were being built took over the work upon the inability of the builder to complete his contracts, agreeing to pay all debts for material and labor, and credit was thereafter extended on the faith thereof, the indebtedness became the joint and several indebtedness of the builder and promisor for which both were liable.

Appeal from a judgment of the superior court for Kitsap county, French, J., entered February 16, 1918, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*Jones & Riddell,* for appellant.

*F. W. Moore,* for respondent.

Holcomb, J.—The facts in this case, found by the trial court and supported by competent evidence, may be briefly stated: One Loveland, doing business under the name and style of the Loveland Boat Works, at Bremerton, entered into a written contract to build certain boats and some tenders for the Columbia Salmon Company, a corporation, and the Alaska Pacific Herring Company. The Loveland company proceeded with the construction of the boats for both companies until the Port Blakely Mill Company, on account of the financial straits of the Loveland company, became anxious about payment for the lumber it was furnishing for the boats. In a discussion of this matter at the Columbia Salmon Company's office on May 12, 1917, it was agreed that the latter would protect the Port Blakely Mill Company upon its lumber bills in building the appellant's boats, and also a certain other account. After these accounts had been arranged, Loveland stated that he had not paid his last pay-roll; that there was a margin of about $1,400

in the contracts, and the unpaid pay-roll was about $500. The appellant gave Loveland a check for $750 to pay the pay-roll for the preceding week. It was also agreed that, from that time on, the Alaska Pacific Herring Company and the appellant would each pay the amount of its pay-rolls. From about May 12, 1917, appellant took over the plant so far as the construction of its boats was concerned, paid the pay-rolls, paid certain debts for material, paid Loveland wages instead of completing the construction contract with him, and, through its superintendent, assured respondent and one Robertson, a creditor for material, that their bills would be paid. Robertson and McGillivray, being informed that appellant agreed to pay all debts, continued to perform labor and furnish material for the boats. Robertson assigned his claim to McGillivray for collection. Respondent was doing business under the business name of "Bremerton Iron Works, J. A. McGillivray, Proprietor," thereby using both an assumed name and his own true and full name. In his complaint respondent failed to allege that he had complied with the law requiring the filing of a certificate of assumed business name with the county clerk. Appellant demurred to the complaint for the reason, among others, that the complaint shows upon its face that plaintiff has no legal capacity to sue. Thereafter respondent filed a certificate of assumed business name and pleaded the same by supplemental complaint. The demurrer was overruled after the filing of the supplemental complaint.

Rem. Code, §§ 8369-8373, provides that, before a person or persons conducting business under an assumed name may maintain a suit in any court of this state, it must be alleged and proved that such person or persons has or have filed a certificate of the true

name or names of the persons conducting such business. In such case, proof of filing the certificate is made as much a prerequisite and a material fact in maintaining the suit as proof of any other necessary fact.

In the case of *Sutton & Co. v. Coast Trading Co.*, 49 Wash. 694, 96 Pac. 428, we held that a contract made by a partnership doing business under an assumed name was not invalidated by the statute in question. In *Malfa v. Crisp*, 52 Wash. 509, 100 Pac. 1012, we held that, where copartners did business under an assumed name other than the true name of the firm members, without filing the certificate required by the above statutes designating their true names, there is such a substantial compliance with the statute as to prevent a dismissal of the action commenced before the filing of the certificate, where long before trial they filed the certificate and obtained leave to amend their complaint, which amendment was made before the statute of limitations had run against their action and after answer by the defendants, who did not stand upon the demurrer, inasmuch as the defendants were not prejudiced thereby. In *Merrill v. Caro Inv. Co.*, 70 Wash. 482, 127 Pac. 122, we held that a person conducting a business in which he alone is interested, in the name of a company containing his full name, is exempt from filing with the county clerk the designation of the firm with the true and real name of all persons conducting the business or having an interest therein, because the statute, § 8372, provides that nothing in the act shall prevent the lawful use of a partnership designation if the same includes the true and real name or names of all the parties conducting such business or having an interest therein.

Appellant urges that the cases above cited were er-

roneous and should now be overruled. We see nothing in any of them tending to discredit the reasoning in each of them, but consider them to be rather well reasoned decisions. At any rate, they are *stare decisis* and we are not now inclined to overrule any of them. The case at bar seems to be within the spirit of the decision in *Merrill v. Caro Inv. Co., supra.* Since in this case McGillivray did business in his own name as proprietor of the Bremerton Iron Works, such cannot strictly be said to be an assumed name. He was rather doing business under his own name, as well as under an assumed name. No one could be deceived or in doubt as to whom he did business with. Appellant's first two assignments are therefore without merit.

It is next contended that the trial court erred in rendering judgment in favor of respondent upon the second cause of action, being that for the material furnished by C. S. Robertson & Company, urging that the action was dismissed upon request of the respondent himself by the trial court, for the reason that no assignment of any kind of the cause of action claimed by Robertson & Company was ever proven, but the contrary was proven, and that the court dismissed that cause of action from the case, but later rendered judgment in favor of respondent upon this second cause of action.

The record shows that, upon the trial of the case, respondent testified to a lack of knowledge or recollection of the assignment of the Robertson claim to him for the purpose of collection, and his counsel made a motion for nonsuit as to the Robertson claim, which of course, the court announced it would grant; that counsel immediately requested and received permission to withdraw the motion, and no order or minute entry was ever made nonsuiting the Robertson cause

of action.  Counsel for appellant asked: "Will we try both cases?" to which counsel for respondent replied: "We will try them just the same as if he had not testified." The assignment of the Robertson claim was duly offered and admitted in evidence by the court. The court rendered judgment in favor of respondent, both upon his own claim and upon the Robertson claim assigned to him for collection.

While respondent probably forgot the assignment of Robertson to him for the purpose of collection in order that the two claims might be collected in one suit, the assignment in writing being proven, it is too well settled in this state that an assignment for the purpose of collection assigns sufficient interest to sue and recover to need any citation. The recovery upon such proven assignment bars any other or further recovery against the debtor.

It is next contended that the trial court erred in granting judgment upon the first cause of action, McGillivray's, for the reason that his own testimony shows that the only credit given by respondent for the materials for which he seeks recovery was the credit to Loveland, against whom this judgment runs, and not a credit to appellant.

The trial court found that the indebtedness created after the meeting of May 12, 1917, was the joint and several indebtedness of both appellant and Loveland, that the credit was extended to both, and that both were liable. Under the facts shown, this was correct, and we see no reason to disturb the judgment.

Judgment affirmed.

MAIN, C. J., PARKER, MOUNT, and FULLERTON, JJ., concur.