[No. 16580.    *En Banc.*    March 28, 1922.]

G. E. PETERSON *et al., Appellants,* v. J. C. C. MORRIS *et al., Respondents.*[1]

PARTNERSHIP (55) — ACTIONS — CAPACITY TO SUE — CONDITIONS PRECEDENT—STATUTES. Rem. Code, §§ 8369-8373, requiring the filing of a partnership statement, as a condition precedent to maintaining an action, relates only to the capacity to sue, and may be complied with by the filing of a statement after the partnership had ceased to do business as a going concern.

JUDGMENT (183)—RES JUDICATA—FINALITY—REVERSAL ON APPEAL. On the reversal of a judgment, rendered below on the merits, it ceases to be *res judicata* thereon.

SAME (188, 189)—RES JUDICATA—MERITS OF CONTROVERSY. The dismissal of a cause of action brought by a partnership, for the reason that the plaintiffs then had no capacity to sue, by reason of failing to file the precedent statutory partnership statement, is not *res judicata* on the merits or a bar to a subsequent suit in which they had capacity to sue.

PLEADING (87)—DEMURRER—PLEADING GOOD IN PART. Upon overruling plaintiff's demurrer to a defense based on the ground that it did not state sufficient facts, it is error to dismiss the action, where the answer was not a complete, but only a partial, defense.

[1]Reported in 205 Pac. 408.

Appeal from a judgment of the superior court for King county, Ronald, J., entered June 30, 1920, upon overruling demurrers to the answer, dismissing an action on contract. Reversed.

*Bates & Peterson* and *E. N. Eisenhower,* for appellants.

*Weter & Roberts* (*Wm. G. Long,* of counsel), for respondents.

PARKER, C. J.—The plaintiffs, Peterson and Malim, commenced this action in the superior court for King county, seeking recovery of a money judgment against the defendants, Morris and wife, in the sum of $772. Their claim for recovery, set forth in two causes of action, grew out of a contract entered into by them in their firm name of "Moon Motor Sales Company" with the defendant Morris on September 28, 1915, in which contract they agreed to purchase a certain number of Moon automobiles from Morris and he agreed to give them the exclusive right of sale and distribution of Moon automobiles within Pierce county, in this state. This is an appeal from a judgment of the superior court rendered upon the overruling of the plaintiffs' demurrers to the defendants' second and third affirmative defenses and the election of the plaintiffs to not plead further.

The plaintiffs allege in their complaint that, at all times in question, they were doing business under the firm name and style of Moon Motor Sales Company, and have duly filed their certificate of partnership with the county clerk of Pierce county. The defendants' denials in their answer include a denial of the allegation of the filing of the partnership certificate by the plaintiffs, in so far as such filing was timely. The denials of the answer were followed by three affirma-

tive defenses, the first of which we need not here notice.

In their second affirmative defense the defendants allege:

"That although all matters sued on in the complaint herein, arose, as therein alleged, in connection with the contract of September 28, 1915, and within one year thereafter, yet the plaintiffs wholly neglected and omitted to file in the county in which they were doing business under an assumed name any certificate of any sort in reference to the persons interested in said business and conducting the same, except that on February 13, 1919,—the day on which this present action was instituted,—and long after the plaintiffs had ceased to be in partnership or carry on any business in Pierce county, Washington, as Moon Motor Sales Co.,—they filed in the clerk's office of Pierce county, Washington, a certificate in the words following:"

This is followed by a copy of the partnership certificate, showing its execution and filing in the office of the county clerk of Pierce county on February 13, 1919, the day of the commencement of this action. The sufficiency of the execution and filing of this certificate is challenged only as not being timely filed.

The defendants' third affirmative defense is that of *res judicata* by a judgment rendered in a former action. In this affirmative defense there is set out the record of that case, which may be summarized as follows: These plaintiffs sought in that action, in the superior court for King county, to recover from these defendants a money judgment in the sum of $3,331, which for present purposes we may assume included the same causes of action upon which recovery is sought in this action. In that action, by appropriate allegations and denials, there was put in issue the fact as to whether or not the plaintiffs had duly filed their partnership certificate as required by law, entitling them to maintain an action in the courts. In that ac-

tion, by appropriate denials, there were also put in issue the facts alleged in the complaint touching the merits of the plaintiffs' claim for recovery. In that action the defendants also set up and plead, both as an affirmative defense and as a counterclaim, their claim against the plaintiffs in the sum of $4,000, praying that the plaintiffs take nothing and that they (defendants) recover from the plaintiffs judgment in the sum of $4,000. The allegations of that affirmative defense and cross-complaint were put in issue by appropriate denials made in the plaintiffs' reply thereto. That action came on for trial before the superior court sitting without a jury, and resulted in findings of fact, conclusions of law and judgment, awarding to the plaintiffs, doing business under the firm name of Moon Motor Sales Company, and against the defendants, recovery in the sum of $735.89.

The superior court found, as a basis for that judgment, that the plaintiffs were entitled to recover from the defendants $772, apart from the defendants' counterclaim; but that the defendants were entitled to set off the sum of $36.11 upon their counterclaim, as against the plaintiffs' larger claim. The court thereby arrived at the sum of $735.89 as the net amount the plaintiffs were entitled to recover from the defendants in that action, and rendered judgment accordingly. The defendants appealed from that judgment to this court, and their appeal was disposed of by our decision in *Peterson v. Morris,* 104 Wash. 507, 177 Pac. 320; which decision is embodied in and made a part of the defendants' third affirmative defense of *res judicata* in this case. In that decision this court held, in substance, that the plaintiffs had not the capacity to maintain that action, as plaintiffs, in the superior court, because the fact of the filing of their partnership

certificate, as required by law, was denied and put in issue therein, and no evidence was offered upon that question. In other words, this court held that the plaintiffs were not entitled to maintain that action, in the sense that they could be awarded any affirmative relief therein, because they had no capacity to sue upon the partnership claims upon which they sought recovery; but held that the finding in favor of the plaintiffs in the sum of $772, viewed merely as a defense to the defendants' cross-complaint, upon which they were awarded only $36.11, had the effect, in any event, of being a complete set-off to, and cancellation of, the $36.11 obligation of the plaintiffs to the defendants. This court so held upon the theory that, while the plaintiffs had no capacity to sue and obtain any affirmative relief, they did have capacity to make any proper defense, affirmative as well as negative, to the defendants' counterclaim looking to preventing the defendants from recovering an affirmative judgment against them; citing our decision in *North Star Trading Co. v. Alaska-Yukon-Pacific Exposition*, 68 Wash. 457, 123 Pac. 605.

These second and third affirmative defenses so alleged in the defendants' answer in this case were demurred to by the plaintiffs upon the ground that neither constituted a defense to this action, which demurrers were by the superior court overruled; the court holding in effect that each of them stated a complete defense to the plaintiffs' causes of action as alleged in the complaint. Thereupon the plaintiffs electing to not plead further and stand upon their demurrers, judgment was accordingly rendered against them dismissing the action. From this disposition of the case, the plaintiffs have appealed to this court.

We first inquire as to whether or not the facts al-

leged in the second affirmative defense show that the plaintiffs are not entitled to maintain this action because of their failure to timely file their certificate evidencing their partnership, doing business in the firm name of Moon Motor Sales Company. The sufficiency of the allegation in the plaintiffs' complaint of the filing of their partnership certificate is not challenged, and the denial thereof found in the negative portion of the defendants' answer is only a qualified denial; that is, the denial is in general terms followed by the words, ''except in so far as such filing may be admitted in the second affirmative defense hereinafter set out.'' So the question becomes one as to whether the facts alleged in the second affirmative defense show that the plaintiffs have or have not timely filed their certificate of partnership. We say timely because the only contention here made by counsel for the defendants touching the filing of that certificate is that it was not timely filed, since it was filed, as they allege, ''long after the plaintiffs had ceased to be in partnership or carry on any business in Pierce county, Washington, as Moon Motor Sales Company;'' but admitting that the certificate was filed on the day of the commencement of this action. Now it has become the settled law of this state that a partnership, the name of which is such as to call for the filing of a partnership certificate under §§ 8369-8373, Rem. Code (P. C. §§ 4356-4360), may acquire the right and capacity to maintain an action the cause for which arises out of some partnership transaction or contract, by the filing of its partnership certificate in the office of the county clerk after, as well as before, the occurring of such transaction or the making of such contract, or even after the commencement of an action wherein recovery upon such transaction or contract is sought. *Sutton & Co. v. Coast Trading Co.,*

49 Wash. 694, 96 Pac. 428; *Malfa v. Crisp,* 52 Wash. 509, 100 Pac. 1012; *McGillivray v. Columbia Salmon Co.,* 104 Wash. 623, 177 Pac. 660.

But it is here argued in behalf of the defendants that the plaintiffs' partnership certificate was not timely filed so as to give them capacity or entitle them to maintain this particular action, because of the allegation in defendants' second affirmative defense that prior thereto "the plaintiffs had ceased to be in partnership or carry on any business in Pierce county, Washington, as Moon Motor Sales Company." Carried to its logical conclusion, this argument would seem to mean that, when a partnership has ceased to do business as such looking to the making of profit in the business for which it was organized, its business affairs remaining unsettled as between its members and also between it and third parties, it and its members lose the right to acquire the capacity or right to sue upon partnership claims by filing a partnership certificate under §§ 8369-8373, Rem. Code (P. C. §§ 4356-4360). This, we think, cannot be the law. Manifestly the partners have as much right to continue their partnership relations under their partnership name, pending the settlement of their partnership affairs and the prosecuting of actions to secure their rights incident thereto as against third parties during such period of settlement, as when the partnership is a going concern being conducted for the purpose of making profit for its members, and to that end may file their partnership certificate in compliance with §§ 8369-8373, Rem. Code[1] (P. C. §§ 4356-4360). Manifestly the owners of any business or the assets thereof have as much right to make the settling up of such business a partnership business and perfect a partner-

[1]NOTE: See Rem. Comp. Stat., §§ 9976-9980.

ship to that end, as they have to organize or perfect a partnership for any other lawful purpose. We think the existence of this partnership and its capacity to sue upon these causes of action, in view of the admission that a proper partnership certificate was filed at the time of the commencement of this action, no challenge being made to the sufficiency thereof, other than as to the time of its filing, affirmatively appear by the allegations of the second affirmative defense. Of course, if the defendants had, in their second affirmative defense, negatived the fact of these parties being partners, or that they were all members of the partnership, we would have a different question here. We think it has become well settled by our decisions that the failure of a partnership to file a certificate of partnership, as required by the statute, has only the effect of depriving the partnership of the capacity to sue, and does not touch the question of the existence of a cause of action which a partnership not having filed such certificate may possess. In *Hale v. City Cab, Carriage & Transfer Co.*, 66 Wash. 459, 119 Pac. 837, Judge Ellis, considering the effect of the failure of a partnership to file its partnership certificate, speaking for the court, said:

"We have consistently held, in construing this statute and the cognate statute as to corporations, that they go only to the capacity of the party to sue and that the objection must be deemed waived unless raised by demurrer or answer. *Bowman v. Harrison, supra; Pierson v. Northern Pac. R. Co.*, 61 Wash. 450, 112 Pac. 509; *Rothchild Bros. v. Mahoney*, 51 Wash. 633, 99 Pac. 1031; *Hale v. Crown Columbia Pulp & Paper Co.*, 56 Wash. 236, 105 Pac. 480; *Thompson-Spencer Co. v. Thompson*, 61 Wash. 547, 112 Pac. 655."

Our later decisions in *North Star Trading Co. v. Alaska-Yukon-Pacific Exposition*, 68 Wash. 457, 123

Pac. 605, and *Crosier v. Cudihee,* 85 Wash. 237, 147
Pac. 1146, are in harmony with this view of the law.
It seems to us to follow as a matter of course that
these causes of action, assuming they are well found-
ed, viewed as substantive rights apart from the capacity
to sue thereon, have at all times in question been, and
now remain, in existence. Otherwise our decisions
holding that, by the filing of a partnership certificate,
as required by the statute, the capacity to sue upon
causes of action arising out of past transactions or
contracts may be acquired by a partnership are mean-
ingless. We conclude that defendants' second affirma-
tive defense does not in law constitute any defense or
bar to the plaintiffs' causes of action as alleged in
their complaint, and that the demurrer to that defense
should have been sustained by the superior court. It
follows that the judgment of dismissal in so far as it
rested upon the overruling of that demurrer, was
erroneous.

We next inquire as to whether or not the defend-
ants' third affirmative defense alleges facts showing
that the causes of action here sued upon have been
adjudicated as against the plaintiffs by the final judg-
ment rendered in the former action. Now what was
the final judgment rendered in the former action?
Manifestly it was not the judgment rendered in the
superior court. That judgment was reversed by our
decision in *Peterson v. Morris,* 104 Wash. 507, 177 Pac.
320, and by that reversal the amount of the plaintiffs'
large claim was left wholly undetermined, other than
as it was adjudged to be reduced in the sum of $36.11.
It is true the trial court made findings which purport
to go into the merits of the plaintiffs' claim and
awarded the plaintiffs $772 by its findings and judg-
ment; but that award is rendered nugatory by its re-

versal in this court, and has ceased to be an adjudication upon the merits of the plaintiffs' claim sued upon in that action, except as it reduced that claim by an offset of $36.11 awarded the defendants upon their cross-complaint. A reading of our decision in that case we think renders it quite plain that the plaintiffs were denied affirmative recovery upon their large claim drawn in question in that action solely and only because the plaintiffs had no capacity to sue by reason of their failure, prior to or pending that action, to file their partnership certificate in compliance with §§ 8369-8373, Rem. Code (P. C. §§ 4356-4360). This being true, how is it possible that it can be said with any show of reason that the plaintiffs' larger claim, in so far as it may be in excess of $36.11, was in any sense adjudicated upon the merits by the final decision of that case in this court? Indeed, that case was disposed of in this court upon the theory that the plaintiffs having no capacity to sue in the sense of seeking affirmative relief, the merits of their claim could not be adjudicated therein over the defendants' objection, which was duly made, except as a mere offset against the defendants' cross-complaint. In other words, that controversy became ultimately nothing but one in which the defendants became in effect plaintiffs by virtue of their cross-complaint, and the plaintiffs became in effect defendants because of the fact that they had only the capacity to defend, and did not have the capacity to sue and obtain affirmative relief. To hold that the plaintiffs in that action had no capacity to sue and obtain affirmative relief, as the defendants therein contended, and as this court held in upholding such contention, to us seems wholly inconsistent with a holding that their large claim therein sued upon was adjudicated upon the merits, other than to the extent

of establishing a set-off against such claim in the small sum of $36.11. It is not argued—indeed there is no room for arguing—that this court, by its final decision in that case, adjudged that the plaintiffs' claims, there and here involved, were no more in the aggregate than $36.11. Had it been affirmatively so decided therein, there would be some room for arguing that such an adjudication would be *res judicata* upon that question as against the plaintiffs in this action.

Some argument is made in behalf of the defendants rested upon the fact that the former judgment, pleaded in their third affirmative defense, was rendered after the trial upon the merits and rested upon a total failure of proof upon the question of the plaintiffs' having filed their partnership certificate. The argument seems to be that, because there was upon the trial a failure of proof on that question, the merits of the plaintiffs' causes of action were finally adjudicated, as well as the question of the plaintiffs' then capacity to sue thereon. We are not able to follow this argument. It seems to us that the very fact that it was finally adjudicated in that case that the plaintiffs had then no capacity to sue—which adjudication was made at the instance of the defendants—and obtain any affirmative relief, shows conclusively that the plaintiffs' causes of action were not adjudicated in that case further than to establish the set-off of $36.11 against them. The very thing counsel for the defendants contended for, and this court finally held in that case, was that the plaintiffs could not then be heard in court looking to the obtaining of affirmative relief. The law controlling of the question of *res judicata* here for consideration we think is well stated in general terms in 15 R. C. L. 982, as follows:

"In order to bar a second action the circumstances of the first action must have been such that the plain-

tiff might have recovered for the same cause of action alleged in the second. An adjudication made on grounds purely technical, and where the merits could not come into question, is limited to the point actually decided, and will not preclude a subsequent action brought in a way to avoid the objection which proved fatal in the first. If the former trial went off on a technical defect, or because the suit was prematurely brought, or for want of jurisdiction, or because of a temporary disability of the plaintiff to sue, or because the plaintiff has mistaken his character, or the capacity in which he brings suit, or on any ground which did not go to the merits of the action, the judgment thereon will constitute no bar to another suit.''

We conclude that the defendants' third affirmative defense of *res judicata* fails to state facts constituting such a defense to the plaintiffs' causes of action, except in so far as it constitutes a defense thereto to the extent of $36.11. The superior court was, we think, technically correct in overruling the ᵥplaintiffs' demurrer to this defense, since it did state facts constituting at least a partial defense; but it not being a complete defense, if the allegations of the complaint are true, the court did err in dismissing the action as a result of overruling that demurrer, for only a complete defense would warrant such a judgment.

The judgment is reversed, and the cause remanded to the superior court for further proceeding consistent with the law as herein expressed.

The defendant Mrs. Morris having died since the commencement of this action, the administrator of her estate has been substituted in her place. We have for convenience of expression ignored this change of parties in our discussion of the case.

FULLERTON, BRIDGES, TOLMAN, and HOVEY, JJ., concur.

HOLCOMB, J., concurs in the result.