[No. 19692.    Department Two.    April 2, 1926.]

R. L. FALLS *et al., Respondents,* v. P. B. SOLES *et al.,*
*Appellants.*[1]

[1] PARTNERSHIP (55)—ASSUMED NAME—USE OF INDIVIDUAL NAMES.
Rem. Comp. Stat. §§ 9976, 9980, providing that persons doing
business under an assumed name, must, as a prerequisite to
action, file a statement of their business and true names, has no
application to contractors signing a contract in their true names,
although the body of the contract designates them as R. & F.,
known as "Star Paint Co.," when they did not do business under
such name.

Appeal from a judgment of the superior court for
Pierce county, Clifford, J., entered May 8, 1925, upon
findings in favor of the plaintiffs, in an action to fore-
close a mechanics' lien.    Affirmed.

*Chas. W. Stewart,* for appellants.

*L. B. Sulgrove,* for respondents.

MITCHELL, J.—Respondents R. L. Falls and R. W.
Robbins brought this action to foreclose a lien for the
balance due for material and labor in painting and
kalsomining a building belonging to appellants P. B.
Soles and wife, in Pierce county.  Findings and con-
clusions were in favor of the respondents, on which
judgment was entered foreclosing the lien.

[1]    The assignments of error present two points.
First, it is contended the appellants were not entitled
to maintain the action under § 9980, Rem. Comp. Stat.,
for the reason that they carried on business under an
assumed name and that they did not allege or prove
they had filed in the office of the county clerk a cer-
tificate as provided for in § 9976, Rem. Comp. Stat.,
setting out their assumed business name together with

[1]Reported in 244 Pac. 707.

the true and real names of the parties conducting the business and the post office address of each.

Clearly the statutes are not applicable here. The work was done under a written contract prepared by the appellant P. B. Soles. In the body of the contract the contractors are named, or designated, "Messrs. Robbins & Falls—known as—Star Paint Co., 404 E. 26th St., Tacoma, Wash.". The contract was signed "R. W. Robbins, R. L. Falls," as individuals only. It was also signed by P. B. Soles. R. W. Robbins and R. L. Falls personally performed the contract and were paid by the appellants all, except the balance sued for on the contract. They did not conduct this business under an assumed business style or name, but in their proper individual names. The proof does not go beyond their transactions in this case.

The other assignment presents the question of a proper understanding of one clause of the contract as to the manner in which a part of the work should be performed, and the balance actually due the respondents under the contract. Upon these questions there was a conflict in the evidence. The court disagreed somewhat with the contentions of each side, as presented by the pleadings and a liberal admission of evidence. The account was settled by the trial judge according to a fair preponderance of the evidence, as it appears upon an examination of it.

Affirmed.

TOLMAN, C. J., MAIN, MACKINTOSH, and PARKER, JJ., concur.