[No. 30864, Department One. July 14, 1949.].

HENRY H. NEILL et al., *Respondents*, v. CHARLES R. BENNETT et al., *Appellants*.[1]

T. B. Southard (*W. E. Southard*, of counsel), for appellants.

*Washington & Wickwire*, for respondents.

HILL, J.—The judgment appealed from was entered on May 26, 1948; the motion for a new trial was denied on July 29th; notice of appeal was served and filed on August 23rd, and the bond for costs on appeal was filed on the same date. The record does not show that the statement of facts was ever filed with the clerk of the superior court, and it was not filed in this court until December 17th.

Not having been filed in accordance with Rule of Supreme Court 9 (1), 18 Wn. (2d) 9-a, the statement of facts is stricken. See *Black v. Porter*, 31 Wn. (2d) 664, 198 P. (2d) 670, and cases therein cited.

None of the appellants' assignments of error except the first can be considered, in the absence of a statement of facts. The first assignment of error is that the trial court erred in

[1] Reported in 208 P. (2d) 137.

overruling the demurrer to the second amended complaint.

We have had difficulty in determining where, if at all, this particular assignment of error is argued. The portion of Rule of Supreme Court 16 (5), 18 Wn. (2d) 18-a, requiring each error relied upon to be "clearly pointed out and *discussed under appropriate designated headings*" (italics ours), was ignored, and it may be that the appellants have abandoned this assignment of error, inasmuch as they ask only for a new trial. However, we will briefly consider the allegations of the second amended complaint.

The plaintiffs (respondents here) allege that they are husband and wife and owners of a business known as Neill Electric, which business, with the full knowledge and consent of the husband, was under the management of the wife; that they, at the request of all the defendants (appellants here), performed labor on and furnished materials for the electrical work in connection with the construction of a gravel crusher by the defendant John G. Nelson, a contractor, for the defendants Charles R. and Leone Bennett on their property; and that $1,748.17 of the cost of such labor and materials remains unpaid. The preparation and filing of a lien for that amount within the statutory period is likewise alleged, which lien, it is alleged, was made and filed, with the full knowledge and consent of the husband, by Clara E. Neill, the wife, doing business as Neill Electric. It is also alleged that an electrical contractor's license had been issued and was in effect in the name of Clara E. Neill, doing business as Neill Electric, under the provisions of chapter 169, p. 574, of the Laws of 1935. The prayer of the complaint is for judgment in favor of the plaintiffs against the defendants, in the sum of $1,748.17, together with interest, attorneys' fees, etc., and for the foreclosure of their lien.

Appellants make a great deal of the fact that certificates of assumed name had been filed which made no reference to Mr. Neill's interest in the business. By the second amended complaint, no reference is made to any certificate of assumed name; the action is by Mr. and Mrs. Neill, who allege that they are the owners of the business known

as Neill Electric. It was not necessary to file or allege the filing of a certificate of assumed name to comply with Rem. Rev. Stat., §§ 9976, 9977 and 9980 [P.P.C. §§ 768-21, -23, -29], since the Neills were doing business under their true surname. See *McCreery v. Graham*, 121 Wash. 466, 209 Pac. 692.

The husband and wife were proper parties plaintiff and were entitled to a judgment against the defendants in the sum of $1,748.17 if they established the allegations of their complaint relative to the labor and materials furnished. The wife was entitled to foreclose the lien filed in her name as lien claimant if the allegation that she was the manager of the business with the consent and approval of her husband was established. Whether both the husband and wife were entitled to a statutory lien and to foreclose the same, is not argued and need not be determined. The second amended complaint does state a cause of action entitling both plaintiffs to some, if not all, of the relief requested.

The judgment appealed from is affirmed.

JEFFERS, C. J., BEALS, STEINERT, and MALLERY, JJ., concur.