[No. 2287–3.   Division Three.   November 21, 1978.]

TOY RENFROE, *Respondent,* v. STANLEY TAGGARES, ET AL, *Appellants.*

*Richard R. Greiner,* for appellants.

*Blechschmidt, Bingman & Maxwell* and *Arthur Bingman,* for respondent.

MUNSON, C.J.—Defendants appeal from a judgment awarding damages to the plaintiff in a breach of contract action.

Defendants' first assignment of error relates to the failure of proof on the part of plaintiff of compliance with RCW 19.80.010,[1] which is the filing of a certificate of assumed name with the county clerk of the county in which the business is conducted. Failure to file is controlled by RCW 19.80.040, which states, in part, "No person . . . transacting business . . . shall hereafter be entitled to maintain any suit in any of the courts of this state without alleging and proving that such person or persons have filed a certificate as provided for in RCW 19.80.010, . . ."

■ Here, plaintiff did allege compliance with the statute; this allegation was challenged by the defendants in their answer. The trial court in finding of fact No. 3 found that the certificate had been filed. However, a thorough search of the record fails to disclose any evidence of that compliance. The plaintiff in his brief states at page 4 that:

he made an offer of proof of such fact to the Court. The record does not show such fact; and therefore, that argument will not be pursued herein until such record may be corrected.

Plaintiff's brief was filed on January 9, 1978, and up through the time of oral argument, which was waived by both counsel, and to the writing of this opinion, the record has not been corrected nor has there been any evidence that certificate was filed with the county clerk. This court

---

[1] "No person or persons shall hereafter carry on, conduct or transact business in this state under any assumed name or under any designation, name or style, corporate or otherwise, other than the true and real name or names of the person or persons conducting such business or having an interest therein, . . . shall file a certificate in the office of the county clerk of the county or counties in which said business is to be conducted, . . ."

stated in *Reese Sales Co. v. Gier,* 16 Wn. App. 664, 667, 557 P.2d 1326 (1977), that:

> [T]he failure of plaintiff . . . to plead and prove filing of a certificate of assumed name is fatal to commencement or maintenance of this action. The statutory language is clear and without exception.[2]

Plaintiff relies on *Neill v. Bennett,* 34 Wn.2d 128, 208 P.2d 137 (1949). That case is not controlling in that the parties were doing business under a corporate name which incorporated their surnames, *i.e.,* Neill Electric. Also *Falls v. Soles,* 138 Wash. 407, 244 P. 707 (1926), is not apropos. The court in *Falls* found the owners did not conduct their business under an assumed business style or name but in their proper individual names. Here, the contract is captioned Columbia Drilling Co., although it is signed by Toy Renfroe.

Notwithstanding, we find that there is no proof to support the finding by the court of compliance with RCW 19.80 and this judgment must be reversed.[3] Under *Peterson v. Morris,* 119 Wash. 335, 343–46, 205 P. 408 (1922), if the statute of limitations has not run, the cause of action may be reinstituted if in fact such a certificate is in existence; but at this time, there is no right in the plaintiff to maintain the action without proof of such filing.

---

[2]In this case there was also a cross claim by the defendant which the trial court denied. There has been no appeal from that denial, and as to this action, it is res judicata. *Peterson v. Morris,* 119 Wash. 335, 343–46, 205 P. 408 (1922).

[3]Plaintiff suggests the trial court could take judicial notice of the filing of this certificate. We disagree. A court will not take judicial notice of matters of public record not introduced in evidence. *Swak v. Department of Labor & Indus.,* 40 Wn.2d 51, 54, 240 P.2d 560 (1952).

925

Judgment is reversed.

GREEN and ROE, JJ., concur.

Reconsideration denied March 8, 1979.

Review granted by Supreme Court October 16, 1979.

