[No. 12616. Department Two. October 29, 1915.]

P. POWELSON et al., *Respondents*, v. THE CITY OF SEATTLE, *Appellant*.[1]

TRIAL—POWER TO CORRECT ERRORS—FINDINGS—NEW TRIAL. The trial court may, at any time prior to judgment, correct its error in denying a new trial, and set aside its former dismissal and erroneous findings previously made.

MUNICIPAL CORPORATIONS — CLAIMS — ADDRESS OF CLAIMANT. A claim against a city by two persons doing business as the S. Construction Co., giving the residence address of each partner and the location of the partnership business where the damage occurred, is a claim by the partnership, and complies with the statute and charter requirements as to the address of the claimant.

PARTNERSHIP—BUSINESS NAME—ACTIONS. The filing of a certificate of an assumed name is merely a condition precedent to action, and is not necessary to give legal existence to a partnership.

PARTNERSHIP—SALE OF INTEREST—EVIDENCE—SUFFICIENCY. In the absence of a demand for documentary evidence, the testimony of one of two partners that he had bought out the other partner is sufficient to show that he had succeeded to all the interests of the partnership.

MUNICIPAL CORPORATIONS — STREET IMPROVEMENTS — OBSTRUCTING NATURAL WATER COURSE—DUTY OF CITY. Where a street is improved across a natural water course, it is incumbent upon the city to make and maintain an adequate passage for the water; rendering it liable for damages where, through inadequacy of a drain put in, water flooded a basement and injured tools, materials and stock.

WATERS AND WATER COURSES—EVIDENCE—SUFFICIENCY. The evidence sufficiently establishes that there was a natural water course in a ravine leading to a lake, where a witness testified that there

[1]Reported in 152 Pac. 329.

was a natural waterway along the slope, and another, that there has been a natural drain and always water there as long as he could remember.

INTEREST—UNLIQUIDATED CLAIM.  Interest upon a claim for unliquidated damages from the negligence of a city in maintaining a drain is allowable only from the rendition of the judgment, and not from the time of the injury.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered October 10, 1914, upon findings in favor of the plaintiffs, in an action for injury to property, tried to the court.  Modified.

*James E. Bradford* and *Melvin S. Good*, for appellant.

*Wm. Parmerlee, P. D. Hughes*, and *Thos. F. Murphy*, for respondents.

MORRIS, C. J.—This is an action by P. Powelson and W. C. Powelson, partners engaged in the manufacture of incubators, doing business as the Seaport Construction Company, to recover for damage claimed to have been caused by water, through the negligence of the city in the construction of a drain.  The plaintiffs' plant was located in the basement of a building at Rainier boulevard and 57th avenue, in the city of Seattle.  The building fronted on the boulevard and Lake Washington, and was located in a ravine or hollow, which extended from the lake to the high ground back of the building.  Several years before the injury complained of, the city had improved Rainier boulevard.  A fill of about twelve feet had been made across the ravine and a plank culvert put in to allow water to pass under the fill into the lake.  On January 22, 1914, this drain proved inadequate to carry off the water and, as a consequence, the basement occupied by the plaintiffs filled with water to a depth of several feet, damaging their tools, materials, and manufactured stock.  Several days later, men in the employ of the city dug up the drain, which was found filled with sand and rocks.  Plaintiffs filed a claim for damages, which was disallowed, and this action then begun.

The cause was tried to the court, and from a judgment in favor of the plaintiffs, the city has appealed.

I.   At the conclusion of the testimony, the trial court rendered an oral opinion, holding that the grading of Rainier boulevard being an original grade, the city was not liable for any damage occasioned thereby, and dismissed the case. A timely motion for a new trial was made by the respondents and denied by the court.   The court, however, of its own motion, set aside the former dismissal and directed judgment for the respondents.   Findings and conclusions in favor of the respondents were then signed by the court, and judgment given for the full amount of their claim.   The action of the court in setting aside the general findings and dismissal of the action is now assigned as error.   While the practice in several of the states does not permit the court, upon motion for a new trial, to set aside the findings and then enter findings for the adverse party and grant judgment thereon (29 Cyc. 1026), the trial courts of this state have always been conceded the power to correct their own errors at any time prior to judgment, and a trial judge may, either upon motion of either party or on his own motion, set aside erroneous findings previously made and enter proper findings.

II.   The sufficiency of the claim filed is attacked by the city on the ground that it does not comply with the charter or statutory requirements as to address of the claimant.   The claim is by P. and W. C. Powelson, doing business as the Seaport Construction Company.   The residence address of each partner is given, and the location of the building where the damage occurred is stated.   This statement is clearly a claim by the partnership, and gives the location of the partnership business.   The statute and charter are fully complied with.

III.   When the injury occurred, no certificate of assumed business name had been filed by the Seaport Construction Company.   Prior to the commencement of the action, however, a proper certificate had been filed.   The filing of the certifi-

cate was not necessary to give a legal existence to the part-
nership; it was merely a condition precedent to the right to
sue, and a filing prior to the commencement of the action was
sufficient.    At the trial, P. Powelson testified that he had,
since the action was begun, bought out the interest of W. C.
Powelson.    No assignment or bill of sale showing the trans-
fer was introduced in evidence, but as documentary evidence
of the transfer was not demanded at the trial, the testimony
of the witness is sufficient to show that he has succeeded to all
the interests of the partnership, and will estop either partner
from bringing a subsequent action to recover for the same
injury.

IV.    It is doubtful whether there is any evidence to sustain
the finding that the city raised the grade of Rainier boule-
vard.    The oral opinion of the court that this was an original
grade seems to have been the correct conclusion.    But in view
of the evidence that the ravine was a natural water course,
the nature of the street grade is immaterial.

"Where a street is improved across such natural water-
course, it is incumbent upon the municipality not only to
make an adequate bridge culvert, or passage for the water
in the first instance, but to keep it in such condition that it
shall not obstruct the stream thereafter."    *Ronkosky v.
Tacoma*, 71 Wash. 148, 128 Pac. 2.

Powelson testified that the land all sloped toward the hol-
low, and that there was a natural waterway there.    Lindsley,
a resident of that section, testified: "There has been a nat-
ural drain; as far as I can remember there has always been
water in there."    No evidence to the contrary was offered by
the city.    The finding of the court that this was a natural
water course is sustained by the evidence.

V.    Interest on the claim was allowed from the date of the
injury.    This was error.    The claim was an unliquidated
demand, the amount of which could not be determined except
by evidence.    On such demands, interest is properly allowable

only from the rendition of judgment. *Wright v. Tacoma*, *ante* p. 334, 151 Pac. 837.

The judgment will therefore be modified to allow interest from the date thereof; otherwise it is affirmed.

FULLERTON, MAIN, and ELLIS, JJ., concur.