[No. 20467. Department One. September 7, 1927.]

UNION TRUST COMPANY OF SPOKANE *et al., Appellants,*
             v. C. H. QUIGLEY *et al., Respondents.*

[1] PARTNERSHIP (20, 55)—FIRM NAME—ACTION BY PARTNERS—
CAPACITY TO SUE. The provisions of Rem. Comp. Stat., §§ 9976
to 9980, with reference to filing assumed partnership names, go
only to the capacity to sue, and do not affect the right to use
the name.

[2] TRADE NAME (2)—RIGHT TO USE. The exclusive right to use
a trade name is not lost by the death of the man who had
built up a valuable business thereunder, but passes to his heirs
or personal representatives who are continuing the business.

Appeal from a judgment of the superior court for
Spokane county, Avery, J., entered October 14, 1926,
dismissing an action to enjoin the use of a trade name.
Reversed.

*Davis, Heil & Davis,* for appellants.

*E. H. Belden,* for respondents.

FRENCH, J.—For some fifteen years prior to March
8, 1926, Wilbur N. Joyner had been conducting a whole-
sale business in the city of Spokane under the trade
name of Physicians & Surgeons Supply Co. Shortly
after having commenced business, he filed with the
county clerk of Spokane county a proper certificate as
required by Rem. Comp. Stat., § 9976 [P. C. § 4356].
The business had prospered, sales running from forty
thousand dollars to sixty thousand dollars annually.
On March 8, 1926, Mr. Joyner died testate, and under
the terms of his nonintervention will the business was
to be conducted by appellants. Six days prior to Mr.
Joyner's death, respondents, who had for years been
engaged in the same general line of business in the city
of Spokane under the name of Spokane Surgical Sup-

¹Reported in 259 Pac. 28.

ply Co., prepared and filed articles of incorporation, taking the name Physicians & Surgeons Supply Co., and now claim the exclusive right to the use of the name they have taken for their new corporation, are doing business under the new name, and this action has been brought by appellants for equitable relief. From a judgment of dismissal, this appeal has been prosecuted.

[1] The provisions of our statute with reference to the filing of a certificate (§§ 9976 to 9980, inclusive, Rem. Comp. Stat.) [P. C. §§ 4356-4360], go only to the capacity of a party to sue, and do not in any way involve the merits of the action. *Hale v. Crown Columbia Pulp & Paper Co.*, 56 Wash. 236, 105 Pac. 480; *Thompson-Spencer Co. v. Thompson*, 61 Wash. 547, 112 Pac. 655; *Hale v. City Cab, Carriage & Transfer Co.*, 66 Wash. 459, 119 Pac. 837; *Powelson v. Seattle*, 87 Wash. 617, 152 Pac. 329.

[2] Nor do we think there has been such a change of ownership as was contemplated by the legislature in the enacting of the above-cited statutes. The purpose of these sections is to advise anyone extending credit to a business operating under an assumed name as to who the real persons conducting the business are, and upon the death of such person or persons and the continuance of the business by personal representatives, an examination of the records would advise any interested person as to who the real parties in interest might be. Some time must always elapse between the death of a person and the appointment of an executor or administrator. Certainly, it cannot have been within the contemplation of the legislature that a valuable trade-name should be lost, as it would be lost in this case. The good will surrounding such a name cannot be taken or appropriated by a rival business concern, to the loss and detriment of the heirs or de-

visees, simply because of the fact that for a short period of time there is no person to protect this valuable right.

On the merits of the controversy, the case comes squarely within the rules laid down in the exhaustive opinion written by Judge Mitchell in *Electric Supply Co. v. Hess,* 139 Wash. 20, 245 Pac. 27. We are content to again reaffirm the rules of law there annunciated.

Judgment reversed.

MACKINTOSH, C. J., MITCHELL, and MAIN, JJ., concur.