[No. 20883.  Department One.  April 14, 1928.]

WEST SIDE TELEPHONE COMPANY et al., Appellants, v. RALPH B. KENISON et al., Respondents.[1]

[1] APPEAL (370)—REVIEW—THEORY OF CASE IN LOWER COURT. A case tried and determined upon the theory of fraud, collusion and conspiracy in a receiver's sale must be considered in the supreme court on the same theory.

[2] CORPORATIONS (193)—ACTIONS — CAPACITY TO SUE — CONDITION PRECEDENT—PAYMENT OF LICENSE FEE. The dismissal of a corporation plaintiff from the case is proper where it was not alleged or proved that it had paid its corporate license fee, which is a condition precedent to its maintenance of an action.

[3] PLEADING (40)—ANSWER—TIME TO PLEAD—PENDENCY OF TRIAL. It is discretionary to allow a defendant to file an answer in the nature of a general denial during the pendency of the trial.

[4] RECEIVERS (60-1)—SALE OF PROPERTY—VACATING—ESTOPPEL. A receiver's sale cannot be attacked as void through fraud and collusion, where it was duly confirmed and an appeal from the confirmation taken and later dismissed.

Appeal from a judgment of the superior court for Okanogan county, Jeffers, J., entered June 10, 1927, upon findings in favor of the defendants in an action for fraud. Affirmed.

[1]Reported in 266 Pac. 706.

*L. R. Gillette,* for appellants.

*Chas. T. Borg, P. D. Smith,* and *John W. Hanna,* for respondents.

FRENCH, J.—The record in this case shows that the West Side Telephone Company, was organized in July, 1910, having the usual powers of a stock company engaged in conducting a rural telephone system. Sometime in the year 1913, the appellant W. S. Ridge and family became the owners of about three-fourths of the outstanding capital stock, and thereafter the affairs of the company were conducted largely by W. S. Ridge and members of his family as officers and employees of the company.

In 1920, an action was commenced by one Luther and wife against the West Side Telephone Company to recover damages for personal injuries. Respondent P. D. Smith was attorney for the Luthers, and thereafter the cause was tried and judgment rendered for the plaintiffs, and an appeal taken to this court. During the pendency of the appeal, respondent Kenison, at the suggestion of the Luthers, and evidently with the consent of all interested parties, was appointed receiver of the telephone company. The Luther judgment was sold and assigned to the respondent Smith, and the claim was compromised by the receiver and the compromise settlement approved by the court. Thereafter this court reversed the judgment on account of errors of law occurring at the trial, and the cause was remanded for a new trial. *Luther v. West Side Telephone Co.,* 134 Wash. 410, 235 Pac. 783.

The Luther claim, however, having been compromised and allowed as a claim against the receivership estate by both the receiver and the court, and the attorneys for the telephone company having been notified of the settlement, nothing further seems to have

been done in the matter, both sides seemingly treating the compromise settlement as final.

Thereafter application was made by the receiver, respondent Kenison, for the sale of all the property and assets belonging to the telephone company. Petition for an order of sale setting forth the indebtedness of the company was filed; due notice of the time and place of the sale was given; Richard Burke, now deceased, purchased all of the assets at receiver's sale, and application was made to the superior court for an order of confirmation. Appellant W. S. Ridge and his wife intervened in the receivership matter and objected to the confirmation of the sale, and an order having been made by the superior court approving and confirming such sale, an appeal was taken to this court, which appeal was subsequently, on motion of the receiver, dismissed.

The actual possession of the physical assets of the telephone company was turned over to Burke Brothers Telephone Company, a corporation, and it, together with certain of the other respondents as officers and trustees, have since that time been operating the telephone system. The receiver has rendered a final account, and in so far as the record indicates, nothing has been done looking towards the approval of the final account or the final winding up of the business of the company and discharge of the receiver.

The appellants have brought this action, alleging generally all of the facts heretofore detailed, setting forth the value of the property taken, alleging generally a fraudulent conspiracy on the part of the receiver, the Burkes and P. D. Smith to secure possession of the assets of the telephone company, alleging that the sale made by the receiver is fraudulent and void, and claiming the right to repossess the property free and clear of all claims.

Answers were filed by the various defendants, and from an order and judgment of dismissal this appeal is taken.

[1]  An examination of the record clearly indicates that the case was presented, tried and determined on the theory of fraud, collusion and conspiracy, and we think it is the settled law of this state that the case will be considered in this court upon the same theory upon which it was presented in the trial court. *Mielke v. Miller,* 100 Wash. 119, 170 Pac. 143.

[2]  Complaint is made that the West Side Telephone Company was dismissed from the case by the trial court. The parties defendant raised the question that neither by pleading nor proof was it shown that the West Side Telephone Company, a corporation, had paid its last annual license fee. Passing for the moment the question of whether or not the West Side Telephone Company, being in the hands of a receiver, could, without the approval of the court or receiver, and at the instigation of its officers, maintain an independent action against the receiver and others, we think the law is clearly settled in this state that the payment of the annual corporate license fee must be alleged and proved as a condition precedent to the maintenance of an action.

[3]  Complaint is also made that the respondent, Burke Brothers Telephone Company, was permitted to file an answer in the nature of a general denial during the pendency of the trial. This was so clearly within the discretion of the trial court that, in the absence of any showing of abuse of discretion, the action of the court in this particular will not be disturbed.

[4]  Complaint is made that the sale of all of the assets of the company by the receiver was void, but it

was approved by the court, objection made to the confirmation of the sale, the sale duly confirmed, appeal taken from the order of confirmation, and the appeal dismissed; and the record shows conclusively that the appellants had knowledge thereof and participated therein. They are therefore barred and foreclosed.

At the close of the case, the trial court found that there had been a failure of proof; that there was no evidence showing fraud, conspiracy or collusion. Practically all of the pertinent evidence in this case is a matter of documentary proof, as shown by the records of the superior court of Okanogan county. The record shows that some of the things complained of were done with the consent of the appellants; others over their protest, but all on due and proper notice. The record not only fails to show evidence to support the allegations of the complaint, but, on the contrary, affirmatively sustains the respondents' position.

The judgment of the lower court is affirmed.

MACKINTOSH, C. J., PARKER, and MITCHELL, JJ., concur.