[No. 32503. Department Two. July 1, 1954.]

MacKenzie-Richardson, Inc., *Appellant*, v. Cornelius Allert *et al.*, *Respondents.*[1]

■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■

[1] Reported in 272 P. (2d) 146.

*Miller, Miller & Jansen,* for appellant.

*George H. Freese* and *Cross & Whitmore,* for respondents.

SCHWELLENBACH, J. — MacKenzie-Richardson, Inc., of which James Richardson is the president and principal stockholder, is engaged in the cattle business in eastern Washington and owns and leases a considerable amount of land in Adams county. In particular, it owns the northeast quarter of section 7, township 15 N.R. 38, EWM. Adjoining it to the east is the northwest quarter of section 8, township 15 N.R. 38, EWM, which is owned by Cornelius Allert, a wheat farmer. There is no fence between sections 7 and 8. A road known as the Benge road runs through the northeast quarter of section 7 in a northerly and southerly direction, a short distance west of the dividing line of the two quarters, leaving a narrow strip of land, consisting of twenty acres, lying between the easterly line of the Benge road and the line dividing the two quarters.

In the spring of 1943, Cornelius Allert, without the permission of Richardson, plowed the twenty acres and seeded it in the fall. He took the crop off in 1944. In fact, he took a crop off in each of the years 1944, 1946, 1948, 1950, and 1952. The parties met after the first crop was taken off. Allert offered to pay for the rental of the land, either in cash or in wheat. Richardson refused. He was interested in using the land for grazing purposes and wanted it seeded back to grass. Allert obtained grass seed, but it was never used.

April 3, 1945, Allert purchased the west half of the southwest quarter of section 8 from the state of Washington. These eighty acres lie directly south of his quarter section and had been leased by Richardson from the state for grazing purposes, together with other land adjoining on the east. However, he had permitted his lease to expire before Allert

purchased the land. Richardson's cattle continued to graze on the eighty-acre tract after it had been acquired by Allert. The parties met again and could not agree on a sale or trade of the properties and finally agreed, as the trial court stated in its memorandum opinion, to "let it go as it is."

This action was commenced on December 12, 1947. The case was tried December 15 and 16, 1952. The delay was caused partly because of the sickness of plaintiff's attorney, by a change of venue from Whitman to Adams county, and partly by the lack of desire of either party to have the case tried. The action was for an accounting for all crops raised during the years 1944, 1946, 1948, 1950, and 1952, and for delivery to plaintiff of one third of such crops; or, in the alternative, for judgment for such sum or sums as would represent the reasonable value of the use and occupation of the twenty-acre tract during such period.

The trial court found that, as to the 1944 crop, Allert offered to pay for the rental on the basis of one third of the crop raised, and that by Richardson's refusal to accept the offer, he waived his right to collect rental for that crop; that the parties agreed, in April of 1945, for the exchange of the use of the tracts owned by the respective parties, which agreement continued in effect until the commencement of this action in December of 1947; that, at the time of the commencement of the action, Allert had partly performed under the agreement of April, 1945, by summer-fallowing and seeding, and was entitled to the benefits of the agreement for the crops of 1946 and 1948; and that, for the crop years of 1950 and 1952, the reasonable value of the use of the two crops was equal, and any rental that plaintiff was entitled to by virtue of defendant's use of the twenty-acre tract was offset by the reasonable value of the use of the eighty-acre tract by plaintiff. Judgment was entered dismissing the action, and this appeal follows.

 The testimony is in direct conflict as to all conversations and transactions between the parties throughout the entire period in dispute. We have examined the record and cannot say that the evidence clearly preponderates against the findings of the trial court. We therefore will not disturb

the findings. *Brown v. VanTuyl*, 40 Wn. (2d) 364, 242 P. (2d) 1021.

Appellant, in his brief, relies almost solely on trespass and argues that he is entitled to damages for such tort, rather than to rental for the use of the land. As for the crop years of 1946 and 1948, there was no trespass, because the court found that the parties were operating under an agreement for the exchange of the use of the twenty-acre tract by respondents for the use of the eighty-acre tract by appellant.

■ The occupation of the twenty-acre tract during the 1944 crop year was clearly a trespass. It was done without the consent of Richardson. Allert, at that time, had not acquired the eighty-acre tract. He offered to pay a one-third crop rental, which was refused. Richardson wanted it seeded back to grass. Allert acquired seed for that purpose, but no seeding was done and he continued in possession. However, when the agreement of 1945 for the exchange of uses of the two tracts was entered into, Richardson's right to collect rental for the landlord's share of the crop and his right to damages for trespass became merged into the new agreement for the exchange of uses.

■ The commencement of this action in December, 1947, abrogated the agreement, and, during the crop years of 1950 and 1952, each party was trespassing upon the land of the other. Appellant contends that there was no trespass on his part because he did not drive his cattle onto the eighty-acre tract, although he admits that they strayed there. He contends that there was no fence around this tract, and that, if respondent did not want his land trespassed upon, it was his (respondent's) duty to fence it. It was stipulated during the trial that the eighty-acre tract was located in a herd law district.

Section 6, chapter 40, Laws of 1937, p. 106 [*cf.* RCW 16-.24.070] provides:

"No person owning or in control of any livestock shall willfully or negligently allow such livestock to run at large in any stock restricted area, nor shall any person owning or in control of any livestock allow such livestock to wander or

stray upon the right of way of any public highway lying within a stock restricted area when not in the charge of some person."

Appellant was obligated to keep his cattle out of the eighty-acre tract, and, not having done so, he is responsible to respondents for the reasonable value of the use and occupation of the land in the same manner as respondents are liable for the use and occupation of the twenty-acre tract.

■ Appellant seriously contends that the trial court was in error in offsetting the rental value of the eighty-acre tract by the rental value of the twenty-acre tract during the crop years of 1950 and 1952. It is argued that the testimony shows the rental cost of grazing land to be from fifty cents to a dollar an acre, while the rental cost of wheat land is many times that amount per acre. The trial court explained his finding as to that question in his memorandum opinion:

"In the event it can be said that since the commencement of the action there was no agreement or understanding for the continuation of the trade for use program as indicated by Conversation No. 3, the Court finds that the reasonable rental value of the two tracts was equal and that any rental which the plaintiff might be entitled to from the defendants for the use of the twenty acres belonging to the plaintiff is offset by the use which the plaintiff had of the occupancy of the eighty acres belonging to the defendants. This is supported by the testimony of Mr. Richardson himself, who admitted that the twenty acre tract was not a farm unit and that anyone farming the property other than Allerts could not do so at a profit. The rental value of the twenty acres, then, was only such sum as Allerts were willing to pay because it is conceded that no one else would pay anything for rental thereof. All that Allerts were willing to pay for the rental of the property at all times was such amount as the plaintiff felt the use of the eighty acre tract was to them. The eighty acre tract likewise had no rental value according to Mr. Richardson's testimony, to anyone else excepting to the plaintiff because there was no water available on the eighty acres and the eighty acres to be used for grazing purposes would have to be fenced if used by anyone else other than the plaintiff. *Both pieces were of value to each of the respective parties. Both wanted the respective pieces of*

*land for the uses and purposes for which they were put."* (Italics ours.)

We find no error, and the judgment is affirmed.

GRADY, C. J., HILL, DONWORTH, and WEAVER, JJ., concur.