[No. 32762. Department One. August 5, 1954.]

SEATTLE ASSOCIATION OF CREDIT MEN, *Respondent*, v. SETH GREEN *et al.*, *Appellants.*[1]

[1]Reported in 273 P. (2d) 513.

*Gale P. Hilyer*, for appellants.

*Lundin, Barto & Goucher*, for respondent.

*McMicken, Rupp & Schweppe* and *Little, LeSourd, Palmer, Scott & Slemmons, amici curiae.*

OLSON, J.— The principal question on this appeal is whether or not a corporation can do business under an assumed name in the state of Washington. The trial court answered the question in the affirmative, and entered judgment for the recovery of a preferential payment received by defendants from an insolvent corporation. Defendants have appealed.

They assert that certain findings of fact made by the trial court are erroneous. The rule is that, if they are to prevail on these claims of error, they must show that the evidence preponderates against the questioned findings. *MacKenzie-Richardson, Inc., v. Allert, ante* p. 1, 3, 272 P. (2d) 146 (1954), and case cited. They have not done so,

and, consequently, we take the factual background of this controversy from the findings.

At all times material to this case, Steel Enders, Inc., was a corporation organized and existing under the laws of this state. Since its incorporation in 1945, it has been doing business in King county under its corporate name. In September, 1950, it assumed the name of Goddard Marine Electric Company, and, in April, 1952, it adopted the name of Interstate Marine Electric Company. It filed certificates of each of these assumed business names in the office of the county clerk, October 17, 1950, and May 29, 1952, respectively. The former assumed name is the one under which the corporation dealt with defendants and obtained goods on credit from them. It conducted business in its corporate name and under its assumed names to designate its different activities.

November 6, 1952, the corporation executed a common-law assignment to plaintiff for the benefit of its creditors. Within four months of the assignment, and at a time when the corporation was insolvent, funds of the corporation were paid to defendants. This enabled them, as creditors of the corporation, to obtain a greater proportion of their debt than any other creditor of the same class. The assignee commenced this action timely, that is, within six months of the assignment, to recover the amounts so paid as preferences. RCW 23.48.020 [cf. Rem. Supp. 1941, § 5831-5].

Defendants have not shown that credit was obtained from them by deliberate concealment, false statements, or positive act by the officers of the corporation regarding the name under which its business was conducted. The corporation did not obscure its identity under an assumed name deceitfully. It entered into certain contracts, obtained certain licenses from the city of Seattle, conducted its banking business, and obtained its insurance under its own name and under the assumed names.

But defendants do contend that they had no actual notice of the facts, and that the result of the conduct of the corporate officers was to obscure the identity of the corpora-

tion, to the damage of defendants and of its other creditors. They argue that the corporation had no right to use an assumed name, and that, by doing so, it abandoned its corporate status. They further argue that its officers and directors became liable as partners by estoppel, citing RCW 25-.04.160 [cf. Rem. Supp. 1945, § 9975-55]. Since a preference is not recoverable by the common-law assignee of a partnership, they contend that plaintiff's action must fail.

We have stated that the general rule is that a corporation may contract and do business under an assumed name as well as can an individual, and be bound thereby in its corporate capacity. *Brotherhood State Bank v. Chapman*, 145 Wash. 214, 219, 259 Pac. 391, 56 A.L.R. 447 (1927), and case cited. Annotation, 56 A.L.R. 450; *Colorado Milling & Elevator Co. v. Proctor*, 58 Idaho 578, 76 P. (2d) 438 (1938); 6 Fletcher, Cyclopedia of Corporations (Perm. ed., *1950* Rev. Vol.), 138, § 2442; Ballantine on Corporations (1946 Rev. ed.), 286, § 117, and cases cited. Our question is not one of a change of corporate name, but involves the assumption of an additional name. We find nothing in the uniform business corporation act, adopted in 1933 (RCW, Title 23), to require a change in this rule.

We are not persuaded by defendants' argument that because, by their terms, our statutes regarding the filing of a certificate of assumed name do not apply to corporations, such a filing by a corporation is ineffective for any purpose. Rem. Rev. Stat., §§ 9976-9980 (codified in RCW, chapter 19.80, but so changed in the wording that the citation is made only for reference). The purpose of the statutes is to advise anyone extending credit to a business operating under an assumed name, who the real persons conducting the business are. *Bacon v. Gardner*, 38 Wn. (2d) 299, 303, 229 P. (2d) 523 (1951), and case cited. Filing of an assumed name "only affects the right of the party doing business under such names to sue in the courts of this state." *Foss v. Culbertson*, 17 Wn. (2d) 610, 627, 136 P. (2d) 711 (1943), and case cited. The language of the statute (Rem. Rev. Stat., § 9979), stating that the chapter shall in

no way affect or apply to any corporation, is necessary. Its result is that a corporation is not obliged to comply with the act to avoid its consequences in suits brought under its corporate name. The words used in the statute, either expressly or by implication, do not prohibit a corporation from filing the certificate contemplated by the act, or affect the notice given by such filing.

In this case, the assumed name itself is not deceiving, in that it necessarily signifies the existence of a partnership. It could indicate either a partnership or a corporation. Corporations are permitted to use the word "company," or the abbreviation "Co.," not immediately preceded by "and" or "&". RCW 23.12.030 [cf. Rem. Rev. Stat. (Sup.), § 3803-4]. Being unable to rely upon any deceptive statements made, or acts done, by anyone on behalf of the corporation to obtain credit from them, defendants cannot well say that they were misled by the words chosen for its assumed name. Had they been in doubt regarding the identity or legal status of the party with whom they were dealing at the critical time, when credit was extended, they could and should have made further inquiry. They cannot contend successfully now that it must be said that they intended to do or did business with a partnership at that time.

We find no merit in defendants' assignments of error to the failure of the court to enter findings of fact proposed by them. These proposals are either contrary to the weight of the evidence, or are not ultimate material facts. The court is not obliged to make findings in regard to every item of evidence in a case, but must make findings of the ultimate facts concerning all of the material issues. *Bowman v. Webster*, 42 Wn. (2d) 129, 134, 253 P. (2d) 934 (1953), and cases cited. The findings here are sufficient to enable this court to review the issues upon appeal, and disclose what questions were decided, and the conclusions reached upon them, by the trial court. This satisfies the requirements of Rule of Superior Court 17, 34A Wn. (2d) 118, referred to in the last cited case.

144

■ Defendants received payments made by checks of Goddard.Marine Electric Company. This was not a separate entity with assets of its own, but was in fact the corporation, Steel Enders, Inc. The funds were those of the corporation. They must be refunded to its assignee as a preferential payment. RCW 23.48.030 [*cf.* Rem. Supp. 1941, § 5831-6]. There is no merit in defendants' claims of error in the conclusions of law entered by the trial court.

The judgment is affirmed.

GRADY, C. J., MALLERY, HAMLEY, and FINLEY, JJ., concur.

[1]Reported in 273 P. (2d) 506.