[No. 210-40670-1.    Division One.    May 4, 1970.]
Panel 2

H. O. MEYER DRILLING Co., INC., *Appellant,* v. ALTON V. PHILLIPS Co., INC., *et al., Respondents.*

*Johnson, Jonson & Inslee* and *Carl A. Jonson,* for appellant.

*Lycette, Diamond & Sylvester* and *John N. Sylvester,* for respondents.

**REVIEW GRANTED BY SUPREME COURT**

HOROWITZ, A. C. J.—Appellant, H. O. Meyer Drilling Co., Inc. (Meyer), brought an action against respondent, Alton V. Phillips Co., Inc. (Phillips), a subcontractor for Austin Construction Company (Austin) to recover $9,525.25 for work and labor performed under a contract between Meyer and Phillips. Meyer's claim for relief did not allege in conformity with RCW 18.27.080[1] that at the time it contracted for the performance of its work or entered into its contract it was a duly registered contractor under RCW 18.27. Phillips, however, affirmatively raised the defense of nonregistration. Subsequently, pursuant to CR 12(b)(6) it made a motion to dismiss Meyer's claim, the motion being heard on the basis of affidavits from each party as permitted by the rule. The court in conformity with CR 12(b)(6) and in effect treating the motion as a motion for summary judgment, dismissed Meyer's claim. The sole ground assigned was that Meyer's contract was entered into at a time when Meyer had not complied with the renewal registration provisions of RCW 18.27 and Meyer was precluded from suing for compensation by virtue of RCW 18.27.080.

RCW 18.27 (registration act) was adopted in 1963, Laws

---

[1] "No person engaged in the business or acting in the capacity of a contractor may bring or maintain any action in any court of this state for the collection of compensation for the performance of any work or for breach of any contract for which registration is required under this chapter without alleging and proving that he was a duly registered contractor at the time he contracted for the performance of such work or entered into such contract."

of 1963, ch. 77, p. 476, and amended in 1967, Laws of 1967, ch. 126, p. 597. The constitutionality of the act was upheld in *Treffry v. Taylor*, 67 Wn.2d 487, 408 P.2d 269 (1965) as properly enacted in the exercise of the police power of the state. The provisions of the act are summarized in *Treffry*. Basically, the act requires contractors (as defined in RCW 18.27.010) to obtain a certificate of registration from the state department of licenses and makes it a misdemeanor for a person doing work as a contractor to do so without the required certificate. RCW 18.27.010 and 18.27.020. The act is not one providing for the issuance of a certificate of registration upon an examination and determination of competency to do the work of a contractor. It is rather an act to assure fiscal responsibility of one doing any work as a contractor. Competency may thereby be encouraged. Accordingly, the contractor's application for the issuance of a certificate must include certain required information so as to assure his identification (RCW 18.27.030); and requires the applicant at the time of the application to file with the director of licenses a surety bond to protect the classes of persons described in the act (RCW 18.27.040) and to furnish the director with satisfactory evidence that the applicant has procured and has in effect public liability and property damage insurance covering the applicant's contracting operations in certain minimum amounts (RCW 18.27.050). Upon payment of the registration fee for a specialty contractor, for example, originally $20 (RCW 18.27.070) and later, $15 (Laws of 1967, ch. 126, § 2, p. 599), the director of licenses must issue to the applicant a certificate of registration (RCW 18.27.060). The certificate is valid for one year "and shall be renewed by the same procedure as for an original registration on or before August first of each year." (RCW 18.27.060). Registration is prerequisite to suit (RCW 18.27.080). The act contains a number of exemptions (RCW 18.27.090) and contains other provisions not here material.

At the time of the adoption in 1963 of the registration act, Meyer was engaged in the well and general drilling

business. Meyer immediately registered under the act in the classification known as "specialty contractor." That registration was renewed in 1964 and 1965. However, Meyer failed to renew its registration for the year August 1, 1966 through August 1, 1967. The contract for work and labor between Meyer and Phillips here involved was entered into in August, 1966, at a time when Meyer had not renewed its registration. The contract was fully performed and no question was raised concerning the quality of that performance. Nevertheless, Phillips refused to pay the amount sued for on the ground that Meyer was not a registered contractor at the time it entered into the Meyer-Phillips contract.

At the time that the contract was entered into, Meyer's registration file maintained by the Division of Professional Licensing of the State of Washington continued to contain the information and documents called for by RCW 18.27.030 as a matter of public record open to public inspection; namely, (1) employer social security number; (2) industrial insurance number; (3) employment security department number; (4) state excise tax registration number; (5) statement of contracting activity, and (6) statement of corporate officers and statutory agent. In addition, Meyer had filed a surety bond in effect from August 1, 1966, through August 1, 1967, meeting the requirements of RCW 18.27.040; and had furnished satisfactory evidence that the necessary insurance required by RCW 18.27.050 was in effect from August 1, 1966, through August 1, 1967. However, Meyer had not filed a renewal application for registration setting forth the identical information on file. Likewise, it had not paid the renewal annual license fee and had not received a new certificate of registration.

On March 26, 1968, prior to the hearing on Phillips' motion to dismiss, Meyer paid the sum of $20 to the Administrator of the Division of Professional Licensing of the State of Washington, the receipt reading in part: "in payment for Spec. Cont. Reg. for the period Aug. 1, 1966 through July 31, 1967 credited to this acct. subject to judicial determination." Phillips contends that this belated payment is imma-

terial and that Meyers is not entitled to recover under the express language of RCW 18.27.080, note 1.

■ Neither party has called our attention to any case nor have we found any in which the precise question here presented has been passed upon. We are concerned here with the question of statutory construction of this particular statute. The meaning attributable to other statutes, while helpful as an application of legal principle, is not controlling. See *Frey v. Kent City Nursing Home, Inc.*, 62 Wn.2d 953, 385 P.2d 323 (1963) distinguishing *Sherwood v. Wise*, 132 Wash. 295, 232 P. 309, 42 A.L.R. 1219 (1925). There can be no question that if the statute is unambiguous it must be enforced as written even though the effect of such enforcement may be to permit the party dealing with the unlicensed person to receive the benefit without payment of the unlicensed person's performance. *Sherwood v. Wise, supra; Meyer v. Simpson*, 34 Wn.2d 486, 209 P.2d 294 (1949).[2] Although there may be enrichment, the enrichment is not "unjust" so as to permit recovery. *Alexander v. Neal*, 364 Mich. 485, 110 N.W.2d 797 (1961) noted in 60 Mich. L. Rev. 823 (1962); Restatement of Contracts § 598 (1932). As stated in *Sinnar v. LeRoy*, 44 Wn.2d 728, 731, 270 P.2d 800 (1954): "A court will not knowingly aid in the furtherance of an illegal transaction, but will leave the parties where it finds them." The serious consequences attendant upon a claimed violation of a licensing statute have led the courts to deny recovery with reluctance and only in a very clear case, and then only to the extent necessary. See *Lund v. Bruflat*, 159 Wash. 89, 292 P. 112 (1930); Annot. 26 A.L.R.3d 1395 (1969). Sometimes the rule of strict construction has been applied to permit recovery on the ground that the statute is a penal statute and in deroga-

---

[2]To the same effect in real estate brokerage cases see: *Shorewood, Inc. v. Standring*, 19 Wn.2d 627, 144 P.2d 243 (1943); *Grammer v. Skagit Valley Lumber Co.*, 162 Wash. 677, 299 P. 376 (1931); *Irons Inv. Co. v. Richardson*, 184 Wash. 118, 50 P.2d 42 (1935). The licensing statutes require the broker seeking to recover his fee to allege and prove the existence of his license at the required time. See RCW 18.85.100.

tion of the common law. See *Marble v. Clein,* 55 Wn.2d 315, 347 P.2d 830 (1959).

■ Canons of construction, however, are resorted to only if the statute considered as a whole is ambiguous. See *Krystad v. Lau,* 65 Wn.2d 827, 844, 400 P.2d 72 (1965). The canons of construction are intended to ascertain the intention of the legislature by looking to the mischief intended to be eliminated by the act, the spirit of the act, and the reasonableness of the proposed interpretation. *Alderwood Water Dist. v. Pope & Talbot, Inc.,* 62 Wn.2d 319, 382 P.2d 639 (1963); *State ex rel. Thorp v. Devin,* 26 Wn.2d 333, 173 P.2d 994 (1946); *In re Horse Heaven Irr. Dist.,* 11 Wn.2d 218, 118 P.2d 972 (1941). If the proposed interpretation will carry out the purpose of the act then as stated in *Dick Weatherston's Associated Mechanical Servs., Inc. v. Minnesota Mut. Life Ins. Co.,* 257 Minn. 184, 100 N.W.2d 819, 82 A.L.R.2d 1004 (1960), in upholding the right of an unlicensed architect or engineer to recover, "Justice and sound public policy do not always require the literal and arbitrary enforcement of a licensing statute." Thus, in *Knight Drug Co. v. Naismith,* 73 Ga. App. 793, 38 S.E.2d 87 (1946) the court held that an accountant who had originally obtained a license as required by statute could recover for his services even though he had failed to pay the annual renewal license fee. See also *Portland Ass'n of Credit Men, Inc. v. Earley,* 42 Wn.2d 273, 254 P.2d 758 (1953) involving RCW 23A.44.120, formerly RCW 23.60.110 (foreign corporation license fee statute); *Seattle Ass'n of Credit Men v. Green,* 45 Wn.2d 139, 273 P.2d 513 (1954) involving RCW 19.80.040 (the assumed name statute); *Niemeier v. Rosenbaum,* 189 Wash. 1, 63 P.2d 424 (1936) involving an attorneys' fee renewal under Rem. Rev. Stat. § 139-20.

■■ Under the California Contractors' License Law, a license is issued by the Contractors' State License Board upon a proper showing by an applicant of necessary experience and knowledge in the contracting field to the extent the board "deems necessary for the safety and protection of the public." Cal. Bus. & Prof. Code Annot. § 7068 (Deering

1970). The California Code also contains a provision similar, although somewhat different from RCW 18.27.080.[3] The California courts have held that the purpose of the California act is to protect persons from unqualified and inexperienced contractors. *Gatti v. Highland Park Builders, Inc.*, 27 Cal. 2d 687, 166 P.2d 265 (1946); *Latipac, Inc. v. Superior Court*, 64 Cal. 2d 278, 49 Cal. Rptr. 676, 411 P.2d 564 (1966). Yet, California courts have held that if the contractor substantially complies with the contractor's registration act, even though he fails to do so literally, he is nevertheless entitled to recover. *Latipac, Inc. v. Superior Court, supra.* The test used is "whether the contractor's 'substantial compliance with the licensing requirements satisfies the policy of the statute.' "

In the instant case, Meyer at the time of contracting with Phillips failed to pay a renewal fee of $20 and failed to obtain a new registration certificate. The failure, however, deprived no class of beneficiaries of the fiscal protection which it was the purpose of the act to serve. Every remedy provided by the act to the class of beneficiaries, including Phillips, intended to be protected by the act remained intact. Such a beneficiary had the same right to resort to the bond and to receive the protection of the insurance and to inspect the information concerning Meyer on file as if Meyer had literally complied with the act. To the extent that Meyer did comply, the compliance satisfied the policy of the statute. As between Meyer and Phillips (the state not complaining) Meyer's compliance was substantial. Were we to uphold Phillips' contention, we would impute to the legislature an intention to permit form to prevail over substance and to permit the registration act, notwith-

---

[3]The California Business and Professional Code, § 7031 provides: "No person engaged in the business or acting in the capacity of a contractor, may bring or maintain any action in any court of this state for the collection of compensation for the performance of any act or contract for which a license is required by this chapter without alleging and proving that he was a duly licensed contractor at all times during the performance of such act or contract, [1] except that such prohibition shall not apply to contractors who are each individually licensed under this chapter but who fail to comply with Section 7029."

standing the fulfillment of its purpose, to become an "unwarranted shield for the avoidance of a just obligation." (*Latipac, Inc. v. Superior Court, supra*). We cannot believe that the legislature intended such a purpose to be read into the act by inference.

The judgment is reversed.

UTTER and WILLIAMS, JJ., concur.

Petition for rehearing denied June 8, 1970.