REESE SALES COMPANY, INC., ET AL, *Respondents*, V. ROBERT GIER, *Appellant*.

*Charles C. Flower* and *Wilson & Flower*, for appellant.

*Vernon E. Fowler, Jr.,* and *Felthous, Peters & Schmalz,* for respondents.

GREEN, J.—Plaintiffs, Reese Sales Company, Inc., and Ray Alexander d/b/a Reese Sales Company, brought this action to collect a brokerage commission. The trial court entered judgment in favor of Ray Alexander, individually, for $1,655.20 plus costs. Defendant appeals and assigns as error: (1) the denial of a motion to dismiss; and (2) the determination that defendant is indebted to Mr. Alexander for the services rendered by the corporation. We reverse.

The record reveals that defendant engaged plaintiff, Reese Sales Company, Inc., to perform fruit brokerage services in 1969, and commissions due under that brokerage agreement have not been paid. Reese Sales Company, Inc., discontinued business in 1970 when Ray Alexander, the president and sole stockholder, sold the corporate assets. The corporation has never been legally dissolved and is

delinquent in payment of its fees to the State of Washington since 1971. Mr. Alexander, d/b/a Reese Sales Company, captioned as one of the plaintiffs in the complaint, has never filed a certificate of assumed name. The corporate account receivable has not been assigned or sold to Mr. Alexander.

Immediately before trial, defendant moved to amend his answer to include the affirmative defense of plaintiffs' lack of capacity to sue. He also moved to dismiss, claiming that plaintiffs failed to allege in their complaint the following prerequisites to suit: (1) that all fees and penalties due the State have been paid, RCW 23A.44.120;[1] and (2) that Ray Alexander has filed a certificate of assumed name, RCW 19.80.040.[2] Ruling was reserved on these two motions until after trial. At the conclusion of the evidence, the court granted the trial amendment, but denied the motion to dismiss and as to the first ground, stated:

> I find as a fact that in 1969 when these transactions took place that the plaintiff corporation, Reese Sales Company, Inc., was a corporation and had capacity to sue. At this time that corporation has passed out of existence, and whether the rights to the accounts receivable that existed are now the property of the plaintiff appears to me from the sketchy evidence to be fulfilled by the fact that the plaintiff appears in both his individual capacity and the corporate capacity, and in addition in his assumed name capacity, which is the name of the original corporation. I will deny the motion on that basis.

and as to the second ground, said:

> The assumed name gives me a little bit more concern.

[1]RCW 23A.44.120:

"No corporation shall be permitted to commence or maintain any suit, action, or proceeding in any court of this state, without *alleging and proving* that it has paid or contracted to pay as herein provided all fees and penalties due the state of Washington under existing law or this title." (Italics ours.)

[2]RCW 19.80.040:

"No person or persons carrying on, conducting or transacting business . . . shall hereafter be entitled to maintain any suit in any of the courts of this state without *alleging and proving* that such person or persons have filed a certificate [doing business under an assumed name] as provided for in RCW 19.80.010 . . ." (Italics ours.)

Let me say at first that it appears to me that the principal reason for the existence of 19.80.010 is to inform creditors and others—I don't suppose it is limited to creditors—who the real parties are that people are dealing with. I find in this case that there is no prejudice to the defendant, no doubt in the defendant's mind who he was dealing with; and whether he was dealing with the corporation or Mr. Alexander individually does not seem to be any kind of a problem to the defendant. Consequently, it has little significance there, unless the legislature, by the statute, has removed that subject from the realm of the parties' dealing.

First, defendant contends that the court erred in denying his motion to dismiss and argues it complies with CR 9(a). We agree. CR 9(a) provides, in part:

When a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, he shall do so by specific negative averment which shall include such supporting particulars as are peculiarly within the pleader's knowledge.

Here, defendant's answer as amended set forth the affirmative defense that plaintiffs are "without capacity to maintain the action herein." Prior to trial, defense counsel informed the court during argument on the motion that (1) delinquent status of the corporation was confirmed to him by telephone from the Secretary of State and that a certified declaration of delinquency was in transit; and (2) counsel's personal search of the records revealed that Mr. Alexander had not filed the required certificate of assumed name in the county clerk's office. Although no affidavits were submitted during the initial argument, the truth of these statements was admitted by Mr. Alexander in his testimony. Further, the complaint does not allege compliance with the statutory requirements, nor did plaintiffs seek an amendment of their complaint to correct the deficiency. In fact, noncompliance is admitted by plaintiffs. While the trial court did not have attested evidence of defendant's statements before it at the time the motion to dismiss was initially argued, the court reserved its ruling

until after trial, at which time evidence of noncompliance was undisputed.

While the negative averment required by CR 9(a) would ordinarily be made in the answer, it may be properly raised by motion and affidavit before trial. *Roth v. Drainage Improvement Dist. 5*, 64 Wn.2d 586, 392 P.2d 1012 (1964). Moreover,

> Where the defendant desires to raise an issue as to the capacity of the *plaintiff*, it is enough if he merely denies that plaintiff has capacity. There would appear to be no need to give supporting particulars.

3 Orland, Wash. Prac. 691 (2d ed. 1968). The trial amendment denied plaintiffs' capacity to sue and evidence of that incapacity was before the court prior to its ruling upon the motion to dismiss. In these circumstances, there was substantial compliance with CR 9(a) and the trial court erred in ruling to the contrary.

Second, defendant contends that since both plaintiffs lack capacity to sue, the trial court erred in granting judgment in favor of Mr. Alexander in his individual capacity. We agree. The failure of plaintiff Reese Sales Co., Inc., to plead and prove payment of fees and penalties due the State of Washington, and the failure of plaintiff Ray Alexander, d/b/a Reese Sales Co., to plead and prove filing of a certificate of assumed name is fatal to commencement or maintenance of this action. The statutory language is clear and without exception. *See West Side Tel. Co. v. Kenison*, 147 Wash. 542, 266 P. 706 (1928); *Peterson v. Morris*, 104 Wash. 507, 177 P. 320 (1918).

In any event, judgment should not have been entered in favor of Mr. Alexander. He cannot maintain the action in his individual capacity since the account receivable is an asset of the corporation, and the corporation has not been legally dissolved. A corporation may be dissolved only in the manner prescribed by statute. *Moore v. Los Lugos Gold Mines*, 172 Wash. 570, 21 P.2d 253 (1933); *Spokane Merchants' Ass'n v. Lobe*, 13 Wn. App. 68, 533

P.2d 133 (1975); RCW 23A.28.[3] Here, there was no statutory dissolution distributing the asset to Mr. Alexander. Further, there is no evidence that the asset was assigned or sold to him. Judgment in his favor was error.

The judgment is reversed and the complaint dismissed.

McINTURFF, C.J., and MUNSON, J., concur.

---

[3]Under the previous statute, the Secretary of State could strike the corporate name from the records for nonpayment of annual fees, and after 2 years would note in the records an automatic dissolution. Under such statute, the sole stockholder of the dissolved corporation could maintain a suit for possession of real estate or enforcement of obligations due the corporation as trustee for the corporation. *Soderberg v. McRae*, 70 Wash. 235, 126 P. 538 (1912); Rem. & Bal. Code § 3715(d). The present statute provides that when a corporation fails to pay its annual dues, the name is certified by the Secretary of State to the Attorney General who, after 2 years, may petition the court for involuntary dissolution. Under the present statute and case law, dissolution may only be accomplished through statutory methods. Therefore, the prior method of maintenance of an action by the sole stockholder as trustee, absent legal dissolution, is unavailable.