[No. 4287–1–III.   Division Three.   December 23, 1981.]

JEAN PIERRE LALIBERTE, *Appellant,* v. WILLIAM R. WILKINS, ET AL, *Respondents.*

*Patrick T. Roach* and *Campbell, Johnston & Roach,* for appellant.

*John A. Westland, Jr.,* and *Westland, Liebler & Ivey,* for respondents.

ROE, A.C.J.—Plaintiff Jean Pierre Laliberte, d/b/a Columbia Pool Construction, appeals from a decision of the trial court dismissing his action because he had failed to file a certificate of assumed business name.

Laliberte is a contractor specializing in the installation of swimming pools. He operates his business under the names "Columbia Pool Construction, Jean Pierre Laliberte, Owner", and "Jean Pierre Laliberte, doing business as Columbia Pool Construction". Defendants Wilkinses hired Laliberte to install a pool and construct a concrete deck around it. Laliberte filed a labor lien against the Wilkinses' home and sued to foreclose. The Wilkinses counterclaimed for breach of contract. At the close of Laliberte's case, the Wilkinses moved for dismissal, alleging for the first time Laliberte had not pleaded and proved he had filed a certificate of assumed name pursuant to RCW 19.80.010. Laliberte filed the certificate with the Department of Licensing after trial began. The trial judge granted the Wilkinses' motion to dismiss, reasoning the certificate should have been filed prior to commencement of trial.

RCW 19.80.010 provides in pertinent part:

> No person or persons shall hereafter carry on, conduct or transact business in this state under any assumed name or under any designation, name or style, corporate or otherwise, other than the true and real name or names of the person or persons conducting such business or having an interest therein, unless such person, or all of such persons, conducting said business, or having an interest therein, shall file a certificate with the department of licensing, which certificate shall set forth the designation, name or style under which said business is to be conducted, and the true and real name or names of the party or parties . . .

■■ RCW 19.80.020 provides in part:

> Exemptions. . . . nor shall this chapter be deemed or construed to prevent the lawful use of a partnership designation, name or style: *Provided,* That such partnership designation, name or style shall include the true and real name or names of all of the parties conducting such business or having an interest therein; . . .

The purpose of the statute is to advise anyone extending credit to a business operating under an assumed name who are the real persons conducting the business. *Seattle Ass'n of Credit Men v. Green,* 45 Wn.2d 139, 142, 273 P.2d 513 (1954); *Bacon v. Gardner,* 38 Wn.2d 299, 303, 229 P.2d 523 (1951).

RCW 19.80.040 states:

> No person or persons carrying on, conducting or transacting business as aforesaid, or having an interest therein, shall hereafter be entitled to maintain any suit in any of the courts of this state without alleging and proving that such person or persons have filed a certificate as provided for in RCW 19.80.010, and failure to file such certificate shall be prima facie evidence of fraud in securing credit.

Failure to comply with the statute goes to the capacity to sue. *Union Trust Co. v. Quigley,* 145 Wash. 176, 259 P. 28 (1927). But cases have held that where the interested person's name is disclosed, the statute is not applicable. In *McGillivray v. Columbia Salmon Co.,* 104 Wash. 623, 177

P. 660 (1919), plaintiff was doing business as "Bremerton Iron Works, J. A. McGillivray, Proprietor". The court stated at page 627:

> Since . . . McGillivray did business in his own name as proprietor of the Bremerton Iron Works, such cannot strictly be said to be an assumed name. He was rather doing business under his own name, as well as under an assumed name. No one could be deceived or in doubt as to whom he did business with[,]

and permitted the action to be maintained. The purpose of the statute was fulfilled. The same reasoning applies here.

In *Merrill v. Caro Inv. Co.*, 70 Wash. 482, 127 P. 122 (1912), relied upon by *McGillivray,* the plaintiff George W. Merrill was permitted to maintain an action without filing the certificate when he did business as George W. Merrill Automobile Co. In reaching this conclusion, reference was made to that part of the statute and cases allowing exemptions for a partnership when the surnames of all partners were contained in the business name.

In *Falls v. Soles,* 138 Wash. 407, 244 P. 707 (1926), plaintiff contractors agreed to perform labor. In the body of the written contract they were named as Messrs. Robbins and Falls, known as Star Paint Co. The contract was signed by R. W. Robbins and R. L. Falls as individuals only. The court stated at page 408: "They did not conduct this business under an assumed business style or name, but in their proper individual names." The court held the statute on filing a certificate of assumed business name did not apply; thus, the suit was maintainable.

Here, the contract identified the interested party as "Columbia Pool Construction, Jean Pierre Laliberte, Owner". This designation comports with the purpose of the statute since no one could be deceived as to the identity of the real person conducting the business. Defendants were completely aware with whom they were doing business.

The cases cited by defendants are not on point. In *Renfroe v. Taggares,* 21 Wn. App. 922, 586 P.2d 1213 (1978), the contract was captioned "Columbia Drilling Co."

although it was signed "Toy Renfroe". When Renfroe sued on the contract, he alleged in the complaint that he had filed a certificate of assumed name, thereby admitting the need to do so. However, no proof of compliance was admitted at trial or during the appeal. The court held the plaintiff had no right to maintain the action without proof of such filing. Here, Laliberte included his full name in the case caption; therefore, the statute is inapplicable to him and he is not required to file a certificate of assumed name.

*Reese Sales Co. v. Gier,* 16 Wn. App. 664, 557 P.2d 1326 (1977), was an action to collect a brokerage commission. The contract sued on was entered into between "Reese Sales Co., Inc." and the defendant Gier. Ray Alexander, the president and sole stockholder of Reese, was not personally a party to the contract. However, when the corporation brought suit against Gier for commissions owed, even though it was bankrupt and presumably had assigned the claim to Ray Alexander, and the caption of the complaint listed the corporation and "Ray Alexander d/b/a Reese Sales Co." as plaintiffs, defendant moved to dismiss, alleging plaintiffs' failure to file a certificate of assumed name. The court held that a certificate filing was required. The difference here is that Laliberte used his full name in his business dealings, whereas Alexander did not. This statute is to be liberally construed, *Malfa v. Crisp,* 52 Wash. 509, 100 P. 1012 (1909).

The statute does not apply. Reversed.

GREEN and MUNSON, JJ., concur.