No. 00–35364.

D.C. No. CV–99–03049–EFS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 19, 2001.

Decided Nov. 6, 2001.

Barbara A. SETTERLUND, Plaintiff—Appellant,

v.

William C. BOTHAMLEY, M. D., his wife, and their marital community; Jane Doe Bothamley, his wife, and their marital community; Michael G. Garnett, his wife, and their marital community; Jane Doe Garnett, his wife, and their marital community; Neil R. Thompson, his wife, and their marital community; Jane Doe Thompson, his wife, and their marital community; the Washington General Partnership of Thompson and Garnett, doing business under the registered trade name Family Practice Clinic; Family Practice Clinic, Defendants—Appellees.

Before KLEINFELD and GOULD, Circuit Judges, and ROLL,* District Judge.

MEMORANDUM **

Although plaintiff failed to comply with the statute requiring her to file a claim with a local government entity before commencing suit,[1] the defendants are estopped to assert that shield.

The Washington Supreme Court has held that "the doctrine of equitable estoppel will be applied against the state or against a political subdivision when acting in its governmental as well as proprietary capacity when necessary to prevent a manifest injustice, and the exercise of governmental powers will not thereby be impaired ."[2] The doctrine has been extended to tort actions.[3] The requirements for equitable estoppel are:

(1) an admission, statement, or act, inconsistent with the claim afterwards asserted; (2) action by the other party on the faith of such admission, statement, or act; and (3) injury to such other party arising from permitting the first party to contradict or repudiate such admission, statement or act.[4]

The Clinic made statements and acted inconsistently with its status as a government agency, which it claimed as a shield in this litigation. These were affirmative acts. In all its bills to Setterlund, it represented itself to be "Family Practice Clinic," on forms common to private medical practices. More significantly, it maintained an official registration in the State of Washington Department of Licensing that said that the "registered owner" of "Family Practice Clinic" was "Thompson & Garnett." It registered the "owner type" as "partnership," with the partners owning the business as Neal R. Thompson and Michael E. Garnett.

The plaintiff acted on the faith of these acts of the defendants. She checked on whom to sue by contacting the Department of Licensing. Washington law, RCW 19.80.010, obligates any person or entity who conducts business in Washington under any trade name to register that trade name with the Washington State Department of Licensing. "The purpose of this statute is to provide notice to those engaging in a transaction with a business operating under an assumed name of the names of the persons conducting the business."[5] Because the Clinic was registered to a

---

* The Honorable John M. Roll, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. See RCW 4.96.020.

2. *Shafer v. State of Washington*, 83 Wash.2d 618, 622, 521 P.2d 736, 738 (Wash.1974).

3. *Id.* at 623, 521 P.2d at 739.

4. *Id.*

5. *Caruso v. Local Union No. 690*, 33 Wash. App. 201, 206, 653 P.2d 638, 642 (Wash.App. 1982), *rev'd on other grounds*, 100 Wash.2d 343, 670 P.2d 240 (Wash.1983); *see also Laliberte v. Wilkins*, 30 Wash.App. 782, 783, 638 P.2d 596, 597 (Wash.App.1981); *see also* RCW 19.80.001.

private partnership, Setterlund filed her lawsuit as she did in reliance on the Department of Licensing's records.

Defendants argue that the plaintiff should have known better, because she was treated at the municipal hospital, and should have called the Clinic. It was reasonable to rely on the official records maintained in the Washington Department of Licensing rather than on such information as might have been obtained by asking a receptionist at a medical clinic how to sue the Clinic and its physicians. There was no unreasonableness in supposing the physicians treating a patient at a hospital were private physicians with privileges at the hospital, as is typical, rather than hospital employees, particularly where the bill to the patient for the treatment came from what purported to be the physician's clinic rather than from the hospital.

Setterlund's injury, arising from permitting the defendants to contradict their representations that they were a private partnership and its private employees, was that her lawsuit was dismissed. Thus, her claim for estoppel is established.

Defendants argue that relief against the physician is barred under *Hardesty v. Stenchever.*[6] The plaintiff argues that the Washington Supreme Court would not follow that intermediate appellate court decision, but we assume without deciding that it would. Nevertheless, in that case, the estoppel was not established, and in this case it was. Just as the government employee physician benefitted from the shield afforded by the claim statute in that case,

6.  82 Wash.App. 253, 917 P.2d 577 (Wash. App.1996).

7.  Because the Clinic's out-of-date and incorrect registration misled Setterlund, and because defendants in their answer and elsewhere showed that the hospital district had

he is bound by the estoppel to assert the shield in this case.[7]

REVERSED.

notice of the claim from the outset of the litigation, the plaintiff should be permitted on remand to amend her complaint as may be necessary to add the Hospital District as a defendant and otherwise to revise the complaint as may be necessary.